BARRETT ET AL., APPELLANTS, *v.* FRANKLIN, APPELLEE, ET AL.

SMITH ET AL., APPELLANTS, *v.* NEIHEISEL, APPELLEE.

(Nos. C-850602 and -850858 — Decided July 9, 1986.)

*Harris & Katz Co., L.P.A., Richard L. Katz* and *John L. Berg,* for appellants Catherine L. and Simon Barrett.

*Droder & Miller Co., L.P.A.,* and *A. Dennis Miller,* for appellee Ive Franklin, Sr., deceased.

*Donald J. Meyer, Jr.,* for appellants Shirley Smith, Robert Smith and Tammy Coleman.

*Droder & Miller Co., L.P.A.,* and *Walter C. Wurster,* for appellee Carol L. Neiheisel, deceased.

*Per Curiam.* These causes came on to be heard upon the consolidated appeals, the transcripts of the dockets, journal entries and original papers

from the Court of Common Pleas of Hamilton County.

These cases, although separately briefed and argued, have been consolidated for decisional purposes, because of their similar procedural postures and their essentially identical assignments of error, *viz.,* that the lower court erred in granting the defendants' motions to dismiss the actions due to the plaintiffs' failure to substitute the proper parties within ninety days after the suggestions of the defendants' deaths were filed, pursuant to Civ. R. 25. We conclude that the deceased parties were properly dismissed with prejudice and that the assignments of error have no merit. Brief summaries of the procedural postures of the two cases are set forth below.[1]

### *Barrett* v. *Franklin,* Case No. C-850602

On February 10, 1984, plaintiffs-appellants, Catherine L. Barrett and Simon Barrett, filed a negligence action for personal injuries against defendant-appellee, Ive Franklin, Sr. Appellee filed a third-party complaint for indemnification or contribution against A-1 Tire Service Center, Hamilton Automotive Warehouse, Inc. and Brake Parts Company, a wholly owned subsidiary of Echlin Manufacturing Company. The third-party defendants filed answers and cross-claims, and the parties initiated various pretrial discovery motions.

On July 13, 1984, appellee Ive Franklin, Sr. died. On August 2, 1984, appellee's counsel filed a suggestion of death with the court and served a copy on appellants' counsel. On November 27, 1984, appellee's counsel filed a mo-

tion to dismiss the action as to his deceased client for appellants' failure to move for an order substituting a proper party for the decedent within ninety days after the suggestion of death had been filed, pursuant to Civ. R. 25(A). On December 7, 1984, appellants filed a motion in opposition to appellee's motion to dismiss and a motion for an extension of time to move for substitution of a proper party, pursuant to Civ. R. 6(B).

On January 25, 1985, the court heard arguments on both motions. Following the hearing, the court overruled appellee's motion to dismiss and granted appellants an additional ninety days in which to file an appropriate motion to substitute. Appellee's counsel was ordered to provide appellants with the name of one of the decedent's heirs, successors or survivors, or, preferably, with the name of the administrator or executor of the estate, by February 25, 1985.

On March 29, 1985, appellants filed a motion to substitute Luvinia Franklin, the surviving spouse and administratrix of the estate of Ive Franklin, Sr., as a proper party-defendant in the instant litigation. On that same day, appellee's counsel filed a motion to reconsider the denial of the earlier motion to dismiss. Appellee's attorney attached to his motion to reconsider a copy of our recent decision in *Jacobs* v. *Epeards* (Mar. 20, 1985), Hamilton App. No. C-840173, unreported. Appellants filed a responsive memorandum on April 17, 1985.

On July 11, 1985, a hearing was held on the motion to reconsider. At the conclusion of the hearing, the court reversed its earlier order and granted appellee's motion to dismiss with

---

[1] The procedural posture in *Barrett* v. *Franklin* has been obtained from the original transcript of the docket and from the agreed statement of the parties, prepared pursuant to App. R. 9(D).

prejudice. From this judgment, appellants have taken this timely appeal asserting in a single assignment of error that the trial court erred in granting, on reconsideration, the motion to dismiss for their failure to comply with Civ. R. 25(A).

*Smith* v. *Neiheisel,* Case No. C-850858

On April 5, 1985, plaintiffs-appellants, Shirley Smith, Robert Smith and Tammy Coleman, instituted an action for personal injuries against defendant-appellee, Carol L. Neiheisel. In their complaint, appellants alleged that their personal injuries, which occurred on April 9, 1983, were the proximate result of appellee's negligent operation of her motor vehicle. Appellee filed an answer and denied the allegations contained in the complaint.

Unbeknownst to appellants' and appellee's counsel, Carol L. Neiheisel had died on December 17, 1983.[2] On August 2, 1985, appellee's counsel filed a suggestion of death with the court and served a copy on appellants' counsel. On November 8, 1985, appellee's counsel filed a motion to dismiss the action, due to appellants' failure to move for an order substituting a proper party for the decedent within ninety days after the suggestion of death had been filed, pursuant to Civ. R. 25(A). On November 15, 1985, appellants filed a memorandum contra the motion to dismiss and a motion for an extension of time to move for substitution of a proper party, pursuant to Civ. R. 6(B).

On November 22, 1985, a hearing was held to resolve the issue. At the conclusion of the hearing, the court, acting consistently with its earlier decision in *Barrett* v. *Franklin,* granted appellee's motion and dismissed the lawsuit with prejudice. From the judgment entry of December 4, 1985, appellants timely filed the instant appeal. Appellants now present us with the solitary assignment of error that the trial court erred in granting appellees' motions to dismiss for their failure to comply with Civ. R. 25(A).

Civ. R. 25, substitution of parties, provides in pertinent part:

"(A)  Death

"(1)  If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

"* * *

"(E)  Suggestion of death or incompetency. Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5."

---

[2] Under the facts and circumstances of this case, we question whether Carol L. Neiheisel was ever a "party" to this action, since she had died nearly sixteen months before the lawsuit was commenced. We also question whether service of process was ever accomplished under Civ. R. 4.2. However, since neither of these issues was briefed or argued, we decline to address them.

In the case *sub judice,* it is beyond cavil that the respective attorneys for Franklin and Neiheisel complied with their mandatory duty, thrust upon them by Civ. R. 25(E), of notifying the court and the other parties of their clients' deaths by timely filing the appropriate suggestions of death. Appellants, however, collectively argue that appellees had the additional burden of filing motions to substitute the proper parties within ninety days after the suggestions of death were filed, pursuant to Civ. R. 25(A). As support for their position, appellants point to the Staff Note to Civ. R. 25(A), which provides, in pertinent part, as follows:

"Procedurally, upon an action which does survive the death of a party, Rule 25 operates as follows. Under Rule 25(E) the attorney representing the deceased party should suggest upon the record the fact of death within fourteen days after the attorney learns of the death. Within ninety days after the death is suggested on the record, the attorney, following the procedure set forth in Rule 25(A)(1), should serve the motion to substitute the proper party. Should the attorney for the deceased party fail to carry out the foregoing procedure, the opposite party, i.e., 'any party' as provided by Rule 25(A)(1), may suggest the fact of death and serve a motion for substitution of parties upon the deceased party's proper representatives. * * *"

A careful reading of the rule and accompanying Staff Note discloses the fallacy in appellants' argument. Clearly, Civ. R. 25(A)(1) states that the motion for substitution may be made by *any* party or by the successors or representatives of the deceased party. The Staff Note following Civ. R. 25 provides that the attorney who represents the deceased party "should" file a motion to substitute the proper party within ninety days after the death of

the party is suggested of record. The Staff Note further states that if the attorney for the deceased party fails to file the motion to substitute, the opposite party, *i.e.,* "any party," may undertake the responsibility to do so. Nowhere in the rule or Staff Note is an affirmative duty or requirement placed upon the attorney for the deceased party to file the motion to substitute.

Nevertheless, appellants argue that fairness dictates that the representatives of the appellees should have filed motions to substitute because they are in a much better position to know who the proper parties to be substituted are. Otherwise, appellants maintain, they are saddled with the unfair burden of "institut[ing] machinery to produce some representative of the estate *ad litem.*" Given our adversarial system, we believe that it is unrealistic for appellants to expect the representatives of the appellees to take the initiative to file the motions to substitute. Although we agree that counsel for the deceased party is in a better position to know who are the proper parties who might be substituted in the action, and, for that reason, should, as a courtesy, file the motion to substitute, the ultimate burden of complying with the temporal requirement of Civ. R. 25(A) rests with the party who brings the action. "Where one has a claim against an estate, it is incumbent upon him, if no administrator has been appointed, to procure the appointment of an administrator against whom he can proceed. * * *" *Wrinkle* v. *Trabert* (1963), 174 Ohio St. 233, 22 O.O. 2d 248, 188 N.E. 2d 587, paragraph two of the syllabus.

In *Jacobs* v. *Epeards, supra,* the plaintiff died and counsel for one of the defendants filed a suggestion of death with the court. Plaintiff's counsel failed to move for the substitution of a personal representative of the deceased as a proper party within ninety

days. The court then dismissed the action, pursuant to Civ. R. 25(A), and plaintiff's representative appealed. In discussing Civ. R. 25(A)(1), we stated:

"There is no question that the rule imposes a temporal limitation on the procedural steps attending a substitution of parties. That limitation, however, is not intended to be rigidly enforced in all cases. According to Civ. R. 6(B), there are two means generally available for obtaining an extension of time where, as here, an act must be done within a specified period. The first is a request for the exercise of the court's discretion to extend time for good cause shown prior to the expiration of the originally prescribed period; and the second is a motion to permit the act to be done after the expiration of the designated time when the failure to act has resulted from excusable neglect. * * *" *Id.* at 4.

In *Jacobs,* the plaintiff's counsel did not ask the court for an extension of time to move for an order substituting a proper party during the ninety-day period. Consequently, the only question before us was whether there was an adequate showing of excusable neglect to relieve plaintiff's counsel of his duty to act in conformity with the procedural requirements of Civ. R. 25(A). In holding that there was not, we rejected plaintiff's argument that the parties' agreement to postpone the scheduled arbitration date amounted to an implicit agreement to waive or extend the time period articulated in the rule. Our holding in *Jacobs* was nothing more than a candid realization that the party who brings a civil action must bear ultimate responsibility for complying, in a timely fashion, with the mandates of Civ. R. 25(A)(1).

In the cases *sub judice,* we are again called upon to conduct a *Jacobs*-type inquiry into whether appellants have shown "excusable neglect" for failing timely to move the court for an order substituting the proper parties. In the first case, *Barrett* v. *Franklin,* the Barretts admit that they took no action within the prescribed period. As justification for their inaction, they point out that between the time the suggestion of death was filed and the motion to dismiss was served upon them, "plaintiffs' counsel received no information regarding the status of the defendant's estate or even the existence of one. No personal representative or successor was revealed to plaintiffs' counsel during this time."

In the second case, *Smith* v. *Neiheisel,* plaintiffs' counsel submitted an affidavit indicating that between the filing of the suggestion of death and the motion to dismiss, he received no correspondence from defense counsel indicating the status of Neiheisel's estate. Plaintiffs' counsel also stated that he made several phone calls to defendant's attorney regarding the appointment of a personal representative for the estate, but that his calls were never returned. Plaintiffs' counsel claimed to have checked the probate court records on several occasions to determine if an estate had been opened or a personal representative appointed.

Consistent with *Jacobs,* we find nothing in the record of the instant cases which demonstrates excusable neglect within the meaning of Civ. R. 6(B). In our view, appellants in both cases have offered no acceptable reason for their failure to file motions for substitutions of proper parties. Appellants were handicapped, to be sure, by their lack of knowledge as to the proper parties to be substituted in both cases. However, other means were available to overcome this handicap than to have appellees provide the means for continued vitality of appellants' claims. Consequently, we hold that the trial court properly dismissed

the within causes for appellants' failure to comply with Civ. R. 25(A)(1).

The assignments of error are overruled and the judgments of the trial court are affirmed.

*Judgments affirmed.*

DOAN, P.J., KEEFE and KLUSMEIER, JJ., concur.