PERRY ET AL., APPELLEES, *v.* EAGLE-PICHER INDUSTRIES, INC. ET AL.;
OWENS-ILLINOIS, INC. ET AL., APPELLANTS.

[Cite as Perry *v.* Eagle-Picher Industries, Inc. (1990), 52 Ohio St. 3d 168.]

(No. 89-993—Submitted May 16, 1990—Decided July 3, 1990.)

*Robert E. Sweeney Co., L.P.A.,* and *Matthew T. Brady,* for appellees.

*Fuller & Henry, Robert A. Bunda, Mark P. Prajsner* and *Peggy A. Whipple,* for appellant Owens-Illinois, Inc.

*Cooper, Straub, Walinski & Cramer* and *Joseph P. Dawson,* for appellant Service Products, Inc. of Toledo.

H. Brown, J. For the reasons which follow, we find that the trial court properly dismissed Mr. Perry's personal injury claim for failure to substitute his estate within the time allowed by Civ. R. 25(A)(1), though such dismissal should have been without prejudice. Accordingly, we reverse the judgment of the court of appeals in part and remand the cause to the trial court.

## I
### Dismissal of the Loss of Consortium and Wrongful Death Claims

The lawsuit before us includes three distinct causes of action: Mr. Perry's claim for personal injuries, which survived his death pursuant to R.C. 2305.21 and 2311.21 ("the survival action"); Mrs. Perry's derivative action for loss of consortium; and the action for wrongful death, which is prosecuted by Mrs. Perry (in her capacity as Mr. Perry's personal representative) pursuant to R.C. Chapter 2125. Here, the trial court dismissed both the survival action and the loss of consortium claim, and implicitly denied leave to assert the wrongful death claim, for failure to timely substitute Mr. Perry's personal representative as a party plaintiff.

### A
### Loss of Consortium Claim

Civ. R. 25(A)(1) provides that, when there is a failure to substitute the decedent's personal representative within the time limit prescribed in the rule, "the action shall be dismissed *as to the deceased party.*" (Emphasis added.) Impliedly, the court should not dismiss the claims of any party other than the deceased.

In the instant case, only the survival action was a claim of the deceased party. While Civ. R. 19.1(A)(2) requires that a spouse's claim for loss of consortium be brought in the same action as a claim for personal injuries, it is a distinct cause of action brought by a different party and subject to a different statute of limitations. *Kraut v. Cleveland Ry. Co.* (1936), 132 Ohio St. 125, 7 O.O. 226, 5 N.E. 2d 324.

In a case with two (or more) plaintiffs, one of whom has died, only the decedent's claims should be affected by the failure to substitute the decedent's personal representative. We agree with the parties that it was error for the trial court to dismiss the loss of consortium action.

### B
### Wrongful Death Claim

Though both are prosecuted by the decedent's personal representative, survival and wrongful death actions have different purposes. *Jones v. Wittenberg University* (C.A.6, 1976), 534 F. 2d 1203. In the survival action, the decedent's personal representative is enforcing a claim of the decedent for

the benefit of his estate. Damages in a survival action are awarded to compensate for the decedent's pain and suffering and expenses while he was alive. *Id.* at 1213.

"In an action for wrongful death, the personal representative is a nominal party and the statutory beneficiaries are the real parties in interest." *Burwell* v. *Maynard* (1970), 21 Ohio St. 2d 108, 110, 50 O.O. 2d 268, 269, 255 N.E. 2d 628, 629. Damages for wrongful death are awarded to the decedent's family to compensate for the injury they suffered as a result of the decedent's untimely death. *Jones, supra,* at 1213.

In the instant case, appellees filed a document captioned "Motion for Leave to File Instanter First Amended Complaint," which attempted to assert a claim for wrongful death in addition to those asserted in the original complaint. The spirit of the Civil Rules, in which "emphasis is placed upon liberal construction rather than upon technical interpretation," Staff Note to Civ. R. 1(B), mandates that we treat appellees' motion as a combination of (1) a motion for leave to assert the wrongful death claim in a supplemental pleading and (2) a motion to substitute Mrs. Perry as a party in the survival action.

Supplemental pleadings are governed by Civ. R. 15(E), which provides in pertinent part:

"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. * * *"

Here, Mr. Perry's death occurred after the filing of the original complaint, which was the pleading sought to be supplemented. A copy of the *de facto* motion to supplement the pleadings was served on all other parties, which satisfied the notice requirement. The motion and pleading were filed within the statute of limitations for wrongful death claims. Civ. R. 19.1(A)(1) requires joinder of survival and wrongful death actions arising from the same wrongful act, such as those at issue here.

Considering all of the above, we conclude that the trial court abused its discretion by not granting leave to bring the wrongful death claim in a supplemental pleading. The dismissal of a decedent's personal injury claim for failure to substitute the estate as a party plaintiff pursuant to Civ. R. 25 does not affect claims for loss of consortium or wrongful death which are joined in the same action as required by Civ. R. 19.1.

## II
### Dismissal of the Survival Claim

The procedure by which a decedent's personal representative is made a party to a pending action is set forth in Civ. R. 25, which states in pertinent part:

"(A)   Death

"(1)   If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of death as provided herein for the ser-

vice of the motion, the action shall be dismissed as to the deceased party.

"* * *

"(E) Suggestion of death or incompetency. Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5."

## A
### Service of the Suggestion of Death

The trial court dismissed the survival claim on the ground that appellees failed to move for substitution within ninety days of the filing of the suggestion of death. The court of appeals reversed because it believed that the suggestion of death was ineffective to start the running of the ninety-day time limit. The court below read Civ. R. 25(A)(1) to require service of the suggestion of death on the decedent's successor in interest when the suggestion is made by anyone other than the decedent's counsel of record. We disagree with this interpretation.

As the court below noted, the rule "is not a model of clarity." However, the Staff Notes to the rule do provide some illumination of the intent of the drafters:

"* * * Under Rule 25(E) the attorney representing the deceased party should suggest upon the record the fact of death within fourteen days after the attorney learns of the death. Within ninety days after the death is suggested on the record, the attorney, following the procedure set forth in Rule 25(A)(1), should serve the motion to substitute the proper party. Should the attorney for the deceased party fail to carry out the foregoing procedure,

the opposite party, i.e., 'any party' as provided in Rule 25(A)(1), may suggest the fact of death and serve the motion for substitution of parties upon the deceased party's proper representatives. Service of *the motion for substitution* of a party is carried out under the procedures of Rule 5 or under Rule 4 through 4.6 depending upon whether or not the person upon whom the motion is served was a party to the action prior to the fact of death." (Emphasis added.)

It is clear that the drafters of the Civil Rules intended the requirement of service upon "persons not parties" to apply only to service of the motion to substitute. The procedure for service of the suggestion of death is set forth in Rule 25(E), which provides that it shall be served in accordance with Rule 5. Civ. R. 5(B) provides that service shall be made on a party represented by an attorney by delivering or mailing to the attorney a copy of the document to be served. The death of a party to a civil action is suggested upon the record by filing a statement of the fact of the death with the court and serving it on the decedent's counsel and all other parties pursuant to Civ. R. 5. (Civ. R. 25, construed.)

We decline to place the additional burden of locating the decedent's personal representative upon an adverse party, as the court below would do, simply because the adverse party suggests the death upon the record. Legal duties should be allocated to those parties best able to carry them out. No matter who makes the suggestion of death, the decedent's attorney is in the best position to locate the personal representative.

The court below was concerned that Rule 25(A)(1) might be used as a "latent time bomb whereby a defendant suggests a party's death upon the record hoping that a plaintiff will be

unable, within ninety days, to ascertain the identity of a deceased party's representative * * *." However, the Civil Rules provide a safeguard. If, after reasonable efforts in good faith, it is not possible to substitute the decedent's personal representative within the time limits prescribed by Rule 25(A)(1), the decedent's counsel or the decedent's personal representative may move for an enlargement of time pursuant to Civ. R. 6(B). See, *e.g.,* *Markan* v. *Sawchyn* (1987), 36 Ohio App. 3d 136, 521 N.E. 2d 824 (extension of time is proper where executrix was not appointed until ninety-nine days after the death was suggested upon the record); *Staggers* v. *Otto Gerdau Co.* (C.A.2, 1966), 359 F. 2d 292 (motion filed two days after expiration of ninety-day period would be considered timely where delay was occasioned by need to make application to state orphan's court before moving to substitute).

In the instant case, it is undisputed that the service of the suggestion of death was sufficient to comply with Rule 5. Accordingly, we hold that the suggestion of death was properly served in accord with Rule 25(E).

### B
### Dismissal

As we have noted *supra,* appellees' "Motion for Leave to File Instanter First Amended Complaint" should be treated, in part, as a motion to substitute Mrs. Perry as a party in the survival action. It is undisputed that this motion was made more than ninety days after Mr. Perry's death was suggested upon the record. Appellees have set forth no facts in the record which would constitute excusable neglect. See *Farrington* v. *Benjamin* (D.V.I. 1984), 100 F.R.D. 474, 476, at fn. 3 (had counsel offered an explanation of delay, court could have construed motion to substitute as containing implied motion for enlargement of time). Therefore, the trial court properly dismissed the survival action for failure to substitute within the period allowed by Rule 25(A)(1).

### C
### Effect of Dismissal

The court below did not reach the issue, extensively briefed by the parties in this court, of whether a dismissal pursuant to Rule 25(A)(1) is a dismissal with or without prejudice.

Appellees contend that it is a dismissal without prejudice for lack of personal jurisdiction, citing *Strunk* v. *Ohio Dept. of Transp.* (Dec. 14, 1982), Franklin App. No. 82AP-473, unreported, in support. Appellants urge that it should be a dismissal with prejudice for failure to prosecute. They cite several cases which, though not expressly so stating, appear to treat a Rule 25 dismissal as one on the merits. See, *e.g., Barrett* v. *Franklin* (1986), 32 Ohio App. 3d 51, 513 N.E. 2d 1361; *Farrington, supra.* Our research reveals that at least one state supreme court has adopted appellants' position. *Illinois Central Gulf Rd. Co.* v. *Price* (Ala. 1988), 539 So. 2d 202.

In order to resolve this issue, we look to Civ. R. 41(B), which governs involuntary dismissals. The rule states in pertinent part:

"(B) Involuntary dismissal: effect thereof.

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or its own motion may, after notice to plaintiff's counsel, dismiss an action or claim.

"* * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision,

operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

"(4) Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."

Both parties have presented reasonable arguments for their positions, and neither would be inconsistent with the text of Rule 41(B). However, we believe appellees champion the better rule. If a decedent's personal representative has not been substituted for the decedent, the end result is a lawsuit with only one party. When the court dismisses the action pursuant to Rule 25, it does so because there is, in effect, no opposing party over which the court can properly acquire personal jurisdiction. Under Rule 41(B)(4)(a), a dismissal for lack of personal jurisdiction is "a failure otherwise than on the merits."

Accordingly, we hold that a dismissal for failure to substitute a decedent's personal representative pursuant to Civ. R. 25(A)(1) is a dismissal without prejudice for lack of personal jurisdiction. To the extent they imply that such a dismissal is with prejudice, we disapprove of *Barrett* v. *Franklin, supra,* and *Norris* v. *Weir* (1987), 35 Ohio App. 3d 110, 520 N.E. 2d 10.

## III
### Conclusion

We hold that the trial court improperly dismissed the loss of consortium action and abused its discretion by not granting the motion to supplement the pleadings to add the wrongful death action. We further hold that the trial court properly dismissed the survival action, though this dismissal should have been without prejudice. The judgment of the court below is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part, and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.