## Card v. Casto
*[Cite as 8 AOA 208]*

*Case No. CA-8157*
*Stark County, (5th)*
*Decided November 5, 1990*

George J. Emershaw, 120 E. Mill Street, 417 Quaker Square, Akron, Ohio 44308-1758, for Plaintiff-Appellant.

David F. Meekison, Baker, Meekison & Dublikar, 205 Mellett Building, 115 DeWalt Avenue, N.W., Canton, Ohio 44702, for Defendant-Appellee.

GWIN, J.

The Stark County Coürt of Common Pleas granted defendant's motion to dismiss plaintiff's personal injury complaint because more than ninety days had elapsed since the suggestion of defendant's death was filed and plaintiff made no attempt to open an estate for defendant George Casto, Jr., and/or substitute as a proper party decedent's personal representative. Plaintiff seeks our review and assigns the following as error:

"ASSIGNMENT OF ERROR NO. I.
"DID THE TRIAL COURT COMMIT ERROR IN FAILING TO FIND THERE WAS NO EXCUSABLE NEGLECT BY PLAINTIFF IN FAILING TO FILE A MOTION FOR SUBSTITUTION OF PARTY WITHIN 90 DAYS OF THE FILING OF THE SUGGESTION OF DEATH AND ALLOWING THAT THE NINETY DAY PERIOD OF LIMITATIONS HAD RUN?

"ASSIGNMENT OF ERROR NO. II.
"DID THE TRIAL COURT COMMIT ER-

ROR IN DISMISSING ALL ACTIONS BY PLAINTIFF WHEN A MOTION FOR THE SUGGESTION OF DEATH WAS NOT PROPERLY FILED?

"ASSIGNMENT OF ERROR NO. III "DID THE TRIAL COURT ERR IN FINDING DEFENDANT'S ACTIONS AND FILINGS WERE IN COMPLIANCE WITH THE RULES OF CIVIL PROCEDURE?

"ASSIGNMENT OF ERROR NO. IV "DID THE TRIAL COURT ERR IN FAILING TO FIND THAT THE MOTION TO FILE AN AMENDED COMPLAINT AND THE AMENDED COMPLAINT SUBSTITUTING PARTIES MADE A MOTION TO SUBSTITUTE PARTIES UNNECESSARY."

*FACTS*

On July 21, 1988, plaintiff filed a complaint claiming personal injury arising out of a 1986 automobile accident and named George Casto, Jr., as party-defendant. Plaintiff attached to the complaint interrogatories pursuant to Civ. R. 33.

On August 23, 1988, attorney David Meekison filed a Suggestion of Death pursuant to Civ. R. 25(E) stating that George Casto, Jr., died October 7, 1986.

Plaintiff responded on October 24, 1988, by filing an amended complaint naming the Estate of George Casto, Jr., as party-defendant. At paragraph three of this complaint, plaintiff alleged he was unable to determine if an executor had been appointed or whether an estate had been opened. On November 10, 1988, an answer to the amended complaint was filed and it averred that no estate of George Casto, Jr., existed, no claim against a defendant serving in a representative capacity was made, and there was insufficiency of service.

On February 6, 1989, plaintiff filed a request for production of documents seeking, *inter alia,* a copy of George Casto, Jr.'s, death certificate.

On February 23, 1990, plaintiff filed a motion to compel defendant to produce a copy of the death certificate. On February 28, 1990, defendant filed a motion to dismiss plaintiff's personal injury claim for plaintiff's failure to file a Civ. R. 25(A) substitution of parties within ninety days after the suggestion of death was filed. On March 1, 1990, defendant responded to plaintiff's motion to compel by claiming that a copy of the death certificate had been delivered to plaintiff.

On March 8, 1990, plaintiff filed a motion in opposition to the motion to dismiss and also sought leave to file a second amended complaint naming Allstate Insurance Company as party-defendant. In paragraph four of the complaint, plaintiff admitted that no estate had been opened.

On March 16, 1990, defendant filed a memorandum in support of the motion to dismiss and a supporting affidavit of Frances Landis. Landis, the sister of George Casto, Jr., stated that her brother lived with her at 2112 Winfield Way, N.E., Canton, at the time of the automobile accident, that the automobile accident report listed this address as George Casto, Jr.'s, that her brother lived at said address until his death on October 7, 1986, and that no estate was opened. No other evidentiary material was filed by either party. On March 23, 1990, the trial court dismissed plaintiff's action.

I

Plaintiff claims in the first assignment that it was error for the trial court not to find that plaintiff's failure to comply with Civ. R. 25(A) was the result of "excusable neglect."

Civ. R. 25(A) provides:

"(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."

The record before us indicates that plaintiff never filed a motion pursuant to Rule 25(A) following the August 23, 1988, filing of the suggestion of death. Nonetheless, plaintiff directs us to numerous cases which tend to demonstrate a trend toward liberally extending the ninety-day time period where the failure to substitute the parties was the

result of "excusable neglect" pursuant to Civ. R. 6(B). We support this trend but find it of little aid to plaintiff in the instant case.

While plaintiff argued Civ. R. 6(B) "excusable neglect" in his memorandum in opposition to defendant's motion to dismiss, no Civ. R. 6(B) motion to extend the time requirements of Civ. R. 25(A) was filed. We, however, will treat plaintiff's motion in opposition as a Rule 6(B) motion to extend time.

Plaintiff argued that his failure to substitute parties was the result of excusable neglect because he attempted to locate information concerning Casto's estate by:

"1) checking death certificates in the City of Canton; 2) checking death certificates in the City of Akron; 3) checking obituaries in the Canton Repository newspaper; 4) checking Stark County Probate Court for an estate; 5) checking Summit County Probate Court for an estate; 6) checking deeds, in Stark County, to see if Defendant had any property transferred; 7) checks (sic) deeds, in Summit County, to see if Defendant had any property transferred; 8) checking auto titles in Stark County for transfers; and 9) checking auto titles in Summit County for transfers. No history of Defendant's death, filing of an estate for probate nor filing of personal representative was found."

Although the reasons enumerated by plaintiff may have been sufficient to demonstrate excusable neglect, we find that plaintiff in fact failed to make such a demonstration. We are confined to the record on appeal and here we find no evidentiary materials filed by plaintiff to support his assertions. See App. R. 12.

Accordingly, we are unable to say the trial court abused its discretion in finding plaintiff's failure to substitute parties was the result of excusable neglect.

This assignment is hereby overruled.

## II

In the second assignment, plaintiff claims that the Suggestion of Death filed was invalid because it failed to name a representative or successor of George Casto, Jr.

Civ. R. 25(E) provides:

"Suggestion of death or incompetency. Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5."

We are persuaded by common sense and by the non-binding cases cited by plaintiff that the interests of fairness and openness would be better served if a valid Suggestion of Death required the identification of a representative or successor who might be substituted for the decedent. However, we do not read Civ. R. 25(E) to mandate such identification.

Accordingly, the suggestion of death filed in the instant case complied with the mandates of Civ. R. 25(E) and we overrule this assignment.

## III

Through this third assignment, plaintiff claims that the decedent's insurance company attempted to frustrate the judicial process to the prejudice of plaintiff in failing to identify or name a successor/representative of the decedent.

We do not condone "cat and mouse" tactics designed to mislead or conceal information which is properly discoverable. Plaintiff contends that defendant was engaged in such a game and directs us to the Ohio Supreme Court case of *Perry v. Eagle-Picher Industries. Inc.* (1990), 52 Ohio St.3d 168, wherein the court stated at 171:

"We decline to place the additional burden of locating the decedent's personal representative upon an adverse party, as the court below would do, simply because the adverse party suggested death upon the record. Legal duties should be allocated to those parties best able to carry them out. No matter who makes the suggestion of death, the decedent's attorney is in the best position to locate the personal representative."

While we agree with the above-quoted reasoning, the dismissal of this case was the result of plaintiff's own actions or lack thereof. On August 23, 1988, the suggestion of death was filed pursuant to Civ. R. 25(E). Plaintiff responded by filing an amended complaint that merely changed the caption of the case from George Casto, Jr., defendant, to Estate of George Casto, Jr., defendant. No substitution of parties was ever filed. No formal Civ. R. 6(B) motion for an extension of time was ever filed. Plaintiff filed no evidentiary material to demonstrate that his failure

to substitute parties was the result of excusable neglect. Plaintiff was aware from the answer to the amended complaint that no estate of George Casto, Jr., existed. The only evidence in the record suggests that George Casto, Jr., lived his last years in Canton at an address listed on the automobile accident report; the subject of this personal injury claim.

From these facts, we are unable to say the defendant frustrated the judicial process and we overrule this assignment.

### IV

In his final assignment, plaintiff claimed that the trial court should have viewed the motion to file an amended complaint and the amended complaint naming the Estate of George Casto, Jr., as party-defendant as a motion to substitute parties pursuant to Civ. R. 25(A). We disagree.

At the time the motion to file an amended complaint and the amended complaint were filed, no estate of George Casto, Jr., existed, and the record does not reveal whether the estate has yet been opened.

Accordingly, we overrule this fourth assignment of error. For the foregoing reasons, the judgment of the Stark County Court of Common Pleas is hereby affirmed.

PUTMAN, P.J., and SMART, J., concur.