This is an appeal from a judgment of the Erie County Court of Common Pleas granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. For the following reason, this case must be dismissed.
On November 18, 1994, Stanley Shepp was severely injured as the result of a motor vehicle accident. At the time of the accident, appellee, The Cincinnati Insurance Company ("Cincinnati") was Shepp's motor vehicle insurer. Under the Cincinnati policy, Shepp was entitled to up to $5,000 for necessary medical services incurred as the result of injury caused by an accident in which Shepp was operating a covered motor vehicle. Cincinnati paid Shepp the policy limit in medical expenses. In return, Laura Shepp Alvarez, Stanley Shepp's attorney in fact, signed agreements warranting that Cincinnati would be reimbursed for the medical payments with funds received as the result of any settlement with or judgment against the tortfeasor.
Shepp subsequently commenced a negligence action against the tortfeasor, Rick E. Ritter, combined with a declaratory judgment action against Cincinnati which sought a declaration that he was entitled to coverage under the uninsured/underinsured motorists provision of his Cincinnati insurance policy. Shepp settled his case against Ritter, receiving $12,500, the liability limit of Ritter's motor vehicle insurance policy.
On September 17, 1997, Cincinnati filed a declaratory judgment action seeking a declaration that it was entitled to reimbursement of the medical payments made to Shepp pursuant to the terms of Shepp's insurance policy and the subrogation agreements. The sole named defendant in Cincinnati's complaint was Stanley G. Shepp.
The answer to the complaint reads, in pertinent part:
 "Now comes defendant, Stanley G. Shepp (now deceased) by and through Laura Shepp Alvarez, aka Laura Alvarez, Executrix for the Estate of Stanley G. Shepp, and attorney, Todd O. Rosenberg of Elk Elk Co., L.P.A., and for his [sic] answer * * *."
"Shepp" also asserted a counterclaim, again stating:
 "Now comes defendant, Stanley G. Shepp (now deceased) by and through Laura Shepp Alvarez, aka Laura Alvarez, Executrix for the Estate of Stanley G. Shepp, and attorney, Todd O. Rosenberg of Elk Elk Co., L.P.A., and for his [sic] counterclaim * * *."
Throughout the remainder of the case, the defendant is referred to as "Stanley G. Shepp." Summary judgment is granted to "Plaintiff" and "Defendant's" motion for summary judgment is denied. The notice of appeal in this case reads, in material part: "Notice is given that Stanley G. Shepp, Defendant, hereby appeals * * *."
The foregoing procedural facts leave this court in a quandary. When a party dies either during the course of litigation or, as apparently happened in this case, between the time his or her cause of action accrued and the time the suit was commenced, certain procedures must be followed. See Civ.R. 25; Perry v. Eagle-Picher Industries, Inc. (1990), 52 Ohio St.3d 168; Baker v. McKnight (1983), 4 Ohio St.3d 125. Civ.R. 25(E) reads:
 "Upon the death or incompetency of a party it shall be the duty of the attorney of record for that party to suggest such fact upon the record within fourteen days after he acquires actual knowledge of the death or incompetency of that party. The suggestion of death or incompetency shall be served on all other parties as provided in Rule 5."
As applied to the present case, it appears that Stanley Shepp died at some point prior to or about the time of the commencement of this action. Thus, his attorney had the duty to enter a suggestion of death on the record and to serve the suggestion of death on Cincinnati.
Then, pursuant to Civ.R. 25(A)(1)[1], either Shepp's estate or appellee, was required to file a motion for substitution of parties no later than ninety days after the suggestion of death was filed. When there is a failure to substitute the decedent's personal representative within the time limit prescribed in the rule, "the action shall be dismissed as to the deceased party." Civ.R. 25(A). A dismissal for failure to substitute a decedent's personal representative, pursuant to Civ.R. 25(A)(1), is a dismissal without prejudice for lack of personal jurisdiction. Perry v. Eagle-Picher Industries, Inc.,52 Ohio St. 3d at 173. When the court dismisses the action pursuant to Civ. R. 25, it does so because there is, in effect, no opposing party over which the court can properly acquire personal jurisdiction. Id.
Furthermore, only one who was a party to an action in the trial court has the right to appeal a judgment entered in that action. State ex rel. Lipson v. Hunter (1965), 2 Ohio St.2d 225;Petitioners for Incorporation v. Twinsburg Twp. Bd. of Trustees
(1965), 4 Ohio App.2d 171, 176; Schectman v. Manitsas (Mar. 26, 1990), Butler App. No. CA89-04-056, unreported. Because a party must actually or legally exist, a decedent cannot be a party to an action. Baker v. McKnight, 4 Ohio St.3d at 127. As a result, if Stanley Shepp is deceased, the instant appeal could not be brought in his name. Seely v. Youssef (Mar. 31, 1995), Lucas App. No. L-94-280, unreported.
Here, pursuant to the record before us, neither a formal suggestion of death nor a motion for substitution of parties was ever filed in the court; an appeal was brought in the name of "Stanley G. Shepp." If this court ignores Shepp's answer and counterclaim, we run the risk of awarding a judgment to a nonexistent party or affirming a judgment against a nonexistent party. Thus, in order to ensure that any judgment rendered by the trial court and, if appealed, by this court, is not a nullity, we choose to consider Shepp's answer and counterclaim as a suggestion of the fact of his death. Because no substitution of parties was made within ninety days of the date the answer/counterclaim was filed, the trial court should have dismissed this action, without prejudice, for lack of personal jurisdiction. Due to the fact that this appeal was not properly perfected by a party who was entitled to appeal, this court lacks the jurisdiction to consider the merits of the "Stanley G. Shepp's" assignment of error.
Pursuant to App.R. 12(B), this cause is ordered dismissed, without prejudice. Costs of this appeal assessed equally The Cincinnati Insurance Company and "Stanley G. Shepp."
DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.____ _______________________________ JUDGE
James R. Sherck, J.______ _______________________________ JUDGE
Mark L. Pietrykowski, J._ _______________________________ JUDGE CONCUR.
[1] Civ.R. 25(A)(1) provides that:
 "If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party."