DECISION.
This is an appeal from a procedurally confused case involving the estate of Inavie Person. Rather than compound the confusion with a lengthy recitation of the facts, we begin by sorting through the procedural confusion and address the facts only as relevant.
In the first count of her complaint, Chris St. Clair brought a breach-of-contract claim against Inavie Person. With Person's death, the claim became one against the estate. Assuming Smiley to be Person's administratrix, St. Clair named and served Smiley as the estate's legal representative. Both parties agree, however, that at the time of trial Smiley had yet to be appointed the administratrix of the Person estate, although she had taken certain preparatory steps under Alabama law to obtain an appointment.
After adducing at trial facts indicating that Smiley had not completed the steps necessary to become the duly appointed administratrix of the Person estate, counsel for St. Clair moved the court for a ruling on whether she was, in fact, the legal representative of the estate. The court took the matter under advisement, but ultimately decided the claim against St. Clair on its merits, granting a directed verdict to Smiley. St. Clair argues, and we agree, that this was error. In an action against an estate concerning the assets of the deceased person, a duly appointed representative is a necessary party, without which a suit cannot proceed to a general decree. See McArthur v. Scott (1885), 113 U.S. 340,5 S.Ct. 652. The estate cannot be sued itself; rather, the action must be against the executor or administrator in his or her representative capacity. "[I]t is a well settled rule that in all actions seeking to enforce the personal contracts of a deceased person, the administrator is a necessary party." Bateman, Admr. v. Morris (1898), 7 Ohio Dec. 287, 289.
Accordingly, on the trial of the first claim, the trial court did not have before it a necessary party or the only real party in interest — Person's estate. The question arises, therefore, whether a plaintiff can lose a claim when tried against the wrong party — in other words, to what effect is a failure to prove one's case against a person from whom one cannot obtain judgment?
In Perry v. Eagle-Picher Industries, Inc. (1990), 52 Ohio St.3d 168,556 N.E.2d 484, the Ohio Supreme Court dealt with a similar issue, deciding whether a dismissal of a survival action for failure to substitute within the period allowed by Civ.R. 25(A)(1) was a dismissal on the merits. The court held that the dismissal was without prejudice for lack of personal jurisdiction. As noted by the court, "If a decedent's personal representative has not been substituted for the decedent, the end result is a lawsuit with only one party. When the court dismisses the action pursuant to Rule 25, it does so because there is, in effect, no opposing party over which the court can properly acquire personal jurisdiction." Id. at 173, 556 N.E.2d at 489.
As in Perry, trial on St. Clair's contract claim was "a lawsuit with only one party" given the absence of a valid representative of the Person estate. Because of the lack of an opposing party, the trial court should properly have dismissed the action for lack of personal jurisdiction. Accordingly, we vacate the judgment entered by the court on the first claim (the breach-of-contract claim) and remand this matter for the trial court to enter the judgment that the court should have entered: a dismissal without prejudice.
With respect to the second claim, for "tortuous [sic] interference" against Smiley in her individual capacity, the trial court again granted a directed verdict in Smiley's favor. St. Clair argues that if we validate her first assignment of error (as we have done), then her evidence that Smiley tortiously interfered with her contract with Person "would be uncontroverted given the technical lack of an answer, appearance and defense on behalf of any duly authorized and appointed representative on behalf of the estate of Inavie Person, Deceased." This reasoning is erroneous, however, because the second claim was against Smiley in her individual capacity, and she appeared as such. In granting a directed verdict in Smiley's favor on this claim, the trial court clearly indicated that it did not find credible St. Clair's testimony.
As this court has previously held, "[I]n a trial without a jury, a motion for judgment at the conclusion of the plaintiff's case is one for dismissal under Civ.R. 41(B)(2), not a motion for directed verdict under Civ.R. 50." In re Hughes (June 23, 2000), Hamilton App. No. C-990346, unreported. Accordingly, the trial court was entitled to weigh the plaintiff's evidence, and we, as a reviewing court, cannot set aside its judgment unless it is erroneous as a matter of law or against the manifest weight of the evidence. "The fact that a prima facie case may have been presented is beside the point." Hughes, supra, quoting Johnsonv. McQueen (Aug. 27, 1986), Hamilton App. No. C-850742, unreported.
It is axiomatic that it is primarily the province of the trial court to determine the credibility of a witness. Having reviewed the record, we cannot say that the trial court, in determining whether to accept the testimony of St. Clair, committed any error of law or error of judgment contrary to the manifest weight of the evidence. Hence, we affirm the trial court on the second claim.
It should be pointed out that St. Clair brought additional claims. The third claim was for tortious interference against Gregory and Sharon Minniefield. In her fourth claim, St. Clair asked the court to "equitably determine her to be the legal title holder to the subject property and issue its order accordingly, thereby striking down the purported quit claim deed which [the Minniefields had recorded]." The trial court granted a directed verdict to the Minniefields on the third claim and "denied plaintiff the relief prayed for" on the fourth claim. Since neither the third nor the fourth claim has been made the subject of this appeal, we express no opinion on their resolution.
Accordingly, St. Clair's first assignment of error is found to have merit, and that part of the judgment pertaining to St. Clair's first claim is reversed and this cause is remanded to the trial court with instructions to enter a dismissal without prejudice. St. Clair's second assignment of error is overruled, and the trial court's judgment on the second claim is affirmed.
Judgment affirmed in part and revered in part, and cause remanded.
PAINTER, P.J., HILDEBRANDT and GORMAN, JJ.