[Cite as *Short v. Wert*, 2025-Ohio-1103.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Laura Short, et al.                                          Court of Appeals No.  L-24-1152

      Appellants                                          Trial Court No.  CI0202204310

v.

Kenneth Wert                                          **<u>DECISION AND JUDGMENT</u>**

      Appellee                                          Decided:  March 28, 2025

* * * * *

Mary M. Bollinger, for appellant.

Robert J. Huebner, for appellee.

* * * * *

**ZMUDA, J.**

{¶ 1} This matter is before the court on appeal from the judgment of the Lucas County Common Pleas court, following dismissal of the complaint of appellants, Laura Short and Ryan Short, and denial of the appellants' motion for relief from judgment. While there has been extensive briefing and motions filed in this appeal, the issue presented in this case is straightforward. The proceedings are governed by Civ.R. 25 and dismissal was required once the appellants/plaintiffs failed to substitute a proper party defendant.

{¶ 2} On November 14, 2022, appellants filed a negligence complaint against Kenneth Wert, alleging Wert caused a vehicular collision on June 13, 2019, resulting in personal injury and property damage as to Laura Short. Ryan Short sought damages for loss of consortium. This complaint was a refiling of a prior complaint, but plaintiffs failed to indicate a refiling at the time of filing. The complaint was assigned to a different court than the trial court assigned to the first case. While not indicated in the pleadings, the first complaint also named Kenneth Wert as defendant, a notice of suggestion of death was filed indicating Kenneth Wert was deceased, and appellants failed to substitute a party for Wert as required by Civ.R. 25. Instead, after the time to substitute had lapsed, appellants voluntarily dismissed the first action pursuant to Civ.R. 41(A)(1)(a) on November 15, 2021, a year prior to the refiling on November 14, 2022.

{¶ 3} On November 29, 2022, counsel entered an appearance for Wert and filed a notice of suggestion of death pursuant to Civ.R. 25, indicating Wert died on July 16, 2020. The notice was served on the appellants' trial counsel that same day by email. Appellants took no action in response to the suggestion of death, as required by Civ.R. 25.

{¶ 4} On March 22, 2023, 120 days after filing the suggestion of death, counsel for Wert filed a motion to dismiss referencing Civ.R. 25. In support, Wert's counsel argued the proper notice of suggestion of death had been filed and served, and appellants failed to substitute a proper party defendant. Counsel attached a copy of Wert's death certificate to the motion, along with a copy of the prior complaint, the suggestion of death

2.

filed in that case, a copy of the complaint in the present case, and the suggestion of death filed in the present case.

{¶ 5} As part of the motion for dismissal pursuant to Civ.R. 25, Wert's counsel sought dismissal on the merits, based on the affirmative defenses of failure of service and expiration of the statute of limitations. Wert, through counsel, argued that the appellants failed to commence the first action against a proper party defendant, and as a result, the appellants' second suit was filed beyond the two-year statute of limitations for a negligence claim. However, Wert's counsel did not reference Civ.R. 12(B)(6) or Civ.R. 56 as a basis for dismissal.

{¶ 6} On April 3, 2023, appellants filed a motion seeking leave to amend the complaint, "for purposes of adding a Special Administrator for the Estate of Kenneth Wert." The motion for leave did not address the failure to seek substitution within 90 days under Civ.R. 25 or seek an extension based on excusable neglect, arguing instead that the trial court must grant leave to amend to satisfy "due process." The next day, appellants filed a memorandum in opposition to the motion to dismiss, arguing no knowledge of Wert's death. Appellants contended their first notice of death was contained within the motion to dismiss filed in the present case. In support, appellants addressed only the notice in the prior case, arguing the suggestion of death was mistakenly overlooked because appellants' counsel was hospitalized with COVID-19. Appellants argued in favor of amendment, rather than dismissal, in the interests of having their claim determined on the merits.

3.

{¶ 7} On August 4, 2023, the trial court entered a partial dismissal by written opinion and judgment entry. The trial court referenced the requirements under Civ.R. 25 but focused primarily on the affirmative defenses argued by Wert's counsel, even though Wert was deceased and not a proper party defendant. The trial court determined that the negligence claims were time-barred, based on a failure to commence any action against a proper defendant in the first suit, and dismissed appellants' negligence claims. The trial court continued the matter as to the loss of consortium claim of Ryan Short, and granted Ryan Short leave to file an amended complaint as to the loss of consortium claim only.

{¶ 8} Instead of amending the complaint, appellants filed a motion to reconsider the partial dismissal, arguing their counsel's serious illness prevented a response to the suggestion of death. Counsel for Wert opposed the motion. On October 13, 2023, the trial court denied the motion to reconsider.

{¶ 9} On November 1, 2023, appellants filed an appeal from the trial court's denial of the motion to reconsider. Because the trial court had not dismissed the loss of consortium claim and it remained pending, we dismissed the appeal for lack of a final order on January 22, 2024.

{¶ 10} On February 12, 2024, counsel for Wert filed a second motion to dismiss as to the remaining loss of consortium claim. Once more, Wert's counsel argued affirmative defenses for Wert, failure of service and the bar of the statute of limitations. At the same time, Wert's counsel argued that Wert was a non-entity as a deceased person, and appellants failed to amend their pleading to substitute his estate. As a result, the 4-year

4.

statute of limitations for the loss of consortium claim had passed with no attempt to commence the action against a proper defendant.

{¶ 11} Appellants opposed dismissal of the loss of consortium claim, and before the trial court decided the second motion to dismiss, they filed a motion seeking relief from judgment pursuant to Civ.R. 60(B), seeking to reinstate the dismissed claims of Laura Short. In support, appellants argued newly discovered evidence under Civ.R. 60(B)(2), including technological/computer issues that affected receipt of legal communications by their counsel. Additionally, appellants argued that the illness of their counsel was a factor, meriting relief. The meritorious claim was argued as the strength of appellants' claims, should Laura's claims be reinstated. Counsel for Wert filed a memorandum in opposition to the motion.

{¶ 12} On June 5, 2024, the trial court denied appellants' motion for relief from judgment pursuant to Civ.R. 60(B). In a separate entry, on June 5, 2024, the trial court granted the motion to dismiss the remaining loss of consortium claim, again addressing the merits of the claim and finding the timeline dispositive. The trial court also noted appellants' failure to attempt to commence the action against a proper party defendant.

{¶ 13} This appeal followed on June 28, 2024. Appellants attached a copy of the trial court's judgment, denying their Civ.R. 60(B) motion, to their notice of appeal. The docketing sheet filed with the notice of appeal was blank, identifying no probable issues for review. However, appellants' argument on appeal challenges the trial court's dismissal

5.

of their claims, with a single assignment of error:

> The trial court erred in dismissing the case because plaintiffs did not have notice of defendant's death until it received defendant's motion to dismiss.

{¶ 14} The parties on appeal include only appellants. The appellee identified is Kenneth Wert, a deceased person or non-entity incapable of having standing as a party. However, Wert, a non-entity, is represented by counsel and has purported to file a brief, as well as numerous motions challenging appellants' compliance with the appellate procedural requirements.

{¶ 15} First, Wert's counsel filed a motion seeking to strike the July 17, 2024 brief of appellants and the September 19, 2024 reply brief for failing to conform to 6th Dist. Loc.App.R. 10(D), and App.R. 16. Wert argued, in part, that appellants failed to attach the decision being appealed as an appendix to their brief and the reply brief introduced new argument. In the alternative, Wert requested leave to file a surreply to appellants' reply brief to address the additional argument raised in the reply.

{¶ 16} In response, appellants filed a motion to supplement and amend their appellant brief. A memorandum in opposition to Wert's motion to strike appellants' reply brief was filed by a third attorney, without leave, and although this attorney is the spouse of appellants' counsel, he has neither entered an appearance nor been granted leave to participate in the appeal.

6.

{¶ 17} As to the substance of the appeal, appellants attached the trial court's denial of the motion for relief from judgment to their notice of appeal, but the argument on appeal instead challenges the trial court's August 3, 2023 and June 5, 2024 dismissal entries.[1] Appellants argue they had no notice of the suggestion of death until the motion filed on March 22, 2023. They further claim an estate for Wert was opened on April 3, 2023, a claim wholly without support in the record on appeal. There is also no record of any substitution of the estate for Wert in these proceedings.

{¶ 18} To the extent that the notice of appeal does not match the claims on appeal, courts have "long recognized that, in construing the Rules of Appellate Procedure, the law favors and protects the right of appeal and that a liberal construction of the rules is required in order to promote the objects of the Appellate Procedure Act and to assist the parties in obtaining justice." *Maritime Mfrs., Inc. v. Hi-Skipper Marina,* 70 Ohio St.2d 257, 258 (1982), citing *In re Guardianship of Love,* 19 Ohio St.2d 111, 115 (1969) (additional citation omitted.). The purpose of a notice of appeal is to give notice to the opposing party of the appeal and the substance of the appellant's challenge. *Id.* at 259, citing *Capital Loan & Savings Co. V. Biery,* 134 Ohio St. 333, 339 (1938). Absent prejudice to the opposing party or bad faith, the appellate court has discretion to consider

---

[1] We note that, pursuant to Civ.R. 60(B), the trial court could only consider relief from a "final judgment" and, as we previously noted, the trial court's partial dismissal did not constitute a final judgment. Thus, the trial court had no authority to grant relief under Civ.R. 60(B). *See Munn v. Rudy Stapelton & Son,* 2003-Ohio-5606, ¶ 14 (6th Dist.), citing *Prather v. American Medical Response, Inc.,* 2002-Ohio-5261, ¶ 10 (9th Dist.) (additional citation omitted.).

7.

an appeal that is defective due to mistake. *Transamerica Ins. Co. v. Nolan,* 72 Ohio St.3d 320, 322 (1995).

{¶ 19} In this case, because no substitution was even attempted, the opposing party continues to be Wert, a nonentity who cannot be a party. The law is clear that no claims may be pursued against a deceased defendant, as "an action may only be brought against a party who actually or legally exists and has the capacity to be sued." (Citation omitted) *Baker v. McKnight,* 4 Ohio St. 3d 125, 127 (1983). Lacking proper substitution under Civ.R. 25, the estate of Wert also lacks standing on appeal. *See Hunter v. Rhino Shield,* 2024-Ohio-261, ¶ 17 (10th Dist.). Thus, this is a case with no opposing party, with no possibility of prejudice to the opposing party. Therefore, despite the defect in appellants' notice of appeal, and the failure to fully comply with the Local Rules and Appellate Rules, we exercise discretion in considering appellants' challenge to the trial court's dismissal of their claims, partially dismissed on August 3, 2023, and finally dismissed on June 5, 2024.

{¶ 20} Where the death of a party does not extinguish a legal claim, Civ.R. 25(A)(1) permits substitution for the deceased person upon motion, within 90 days after death is suggested on the record. If no substitution is requested by motion within 90 days, "the *action shall be dismissed* as to the deceased party." (Emphasis added) Civ.R. 25(A)(1). "When the court dismisses the action pursuant to Rule 25, it does so because there is, in effect, no opposing party over which the court can properly acquire personal jurisdiction." *Perry v. Eagle-Picher Industries, Inc.,* 52 Ohio St.3d 168, 173 (1990). Thus,

8.

a dismissal pursuant to Civ.R. 25(A)(1) does not determine the merits but is a dismissal without prejudice for lack of personal jurisdiction. *Id.*

{¶ 21} In this case, the trial court decided a motion under Civ.R. 25 but did not immediately dismiss the *action* against Wert, a deceased person, as required by the Rule. Instead, the trial court considered the merits of Wert's defenses to appellants' claims, addressing the proffered defenses without having personal jurisdiction over any defendant. Therefore, "[o]nce that suggestion of death was filed, the trial court was without authority to conduct proceedings involving [the decedent's] interests until a proper substitution of parties had been made[.]" *Abood v. Nemer,* 128 Ohio App.3d 151, 164 (9th Dist.1998). However, while the trial court erred in considering the defenses of Wert in dismissing the action, dismissal in the case was proper and required under Civ.R. 25. *Perry* at 172.

{¶ 22} "A judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant." *State ex rel. Sommers v. Perkins Local Schools Bd. of Edu.,* 2017-Ohio-7991, ¶ 5 (6th Dist.), quoting *Bonner v. Bonner*, 2005-Ohio-6173, ¶ 18 (3d Dist.). Accordingly, we find appellants' assignment of error not well-taken, and affirm the trial court's dismissal, but based on Civ.R. 25 without consideration of the merits of appellants' claims.

{¶ 23} Because we find the trial court's dismissal was proper, and Wert is not a party to this appeal, we deny the pending motions as moot.

9.

**{¶ 24}** Finding that substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellants Laura and Ryan Short are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                          JUDGE

Gene A. Zmuda, J.

                                               _____
Myron C. Duhart, J.                                         JUDGE
CONCUR.

                                               _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.