No. 860
VANCE v. DAVIS, Agent
Ohio Supreme Court
No. 17590. Decided May 15, 1923
To Appear in 108 OS.

ACTIONS.

Parties—who are, is not determined solely by caption of the cause, but by the entire record.

APPEARANCE.

Where waiver of service and entry of appearance duly signed by his attorney of record, Court of Appeals, under 12200 GC., has jurisdiction over defendant below, to review the Common Pleas judgment in his favor.

WANAMAKER, J.

Epitomized Opinion

This action was commenced and tried in the Gallia Common Pleas, against Hines, Director General of Railroads, for injury claimed to have been received by Vance, and upon trial a verdict was directed in favor of the defendant, motion for new trial made and overruled and judgment entered for defendant on the verdict.

Subsequently, a bill of exceptions having been duly filed and a petition in error made and filed, and there having been a change in parties defendant by reason of there being another succeeding Director General, "a waiver of issuing and service of process and entry of appearance," of the new Director, filed by his attorney of record, was filed with the petition in error, in the Court of Appeals.

A motion was then made in the Court of Appeals by counsel for Davis, the substituted agent, to dismiss the proceedings in error on the ground that his client had neither been summoned nor waived summons, and entered his appearance, and that there was therefore no jurisdiction had over his person within the statutory period.

The Court of Appeals sustained this motion, and Vance brought error to the Supreme Court, which, in reversing the Court of Appeals, held:

That in the substitution of Davis for the former agent, it was unnecessary to place his name in the caption or title of the cause. That the record showed who were the parties to the case and it was proper to use the same title or caption. That as the same attorney represented the defendant throughout the case, the entry of appearance, duly signed by him, gave the Court of Appeals, under 12200 GC., jurisdiction over his client to review the judgment entered in Common Pleas.

In commenting upon the case, the court said:

"Real regret is expressed both by lawyers and laymen, that we find so many cases in our law reports determined upon mere questions of practice, rather than basic principles of the law that reach the merits of the cause in controversy. Obviously the law or procedure is remedial. It provides legal ways and means of protecting one's rights and defending one's self against another's wrongs. It has therefore been laid down as a settled rule of law, that all such remedial statutes and rules of law should be liberally construed in favor of the remedy provided by law. Now the remedy provided . . . has been the right to review the judgments of the courts of Common Pleas. The rules of law and the statutes incorporating them should be so applied as to carry out this primary remedial purpose."

"In face of this record, to allow the judgment below to stand without the right of review by the Court of Appeals would seem to permit the big United States government to escape through a mighty small hole, of technical procedure, wholly unwarranted by the record. Such a feat would outrival the proverbial camel's passage through the eye of a needle."

Attorneys—R. M. Switzer, Gallipolis, for Vance; Hollis Johnson, Gallipolis, and Wilson & Rector, and F. C. Amos, all of Columbus, contra.

---

The Abstract will not tell you of the points of law there are in it, unless you read its messages.

---

Each case in the Abstract is a short story of a decision, written so that it may be most easily and pleasurably read by you. But its main advantage to you comes largely in your reading it as promptly as possible.

---

Resorting to the Abstract Current Digest helps to refresh your mind, when your recollection of a recent case you want to recall has departed somewhat. It is a veritable "pinch hitter."