Marshall, C. J.
 

 Two questions are presented by this record for determination in this court.
 

 The first of these relates to the jurisdiction of the Court of Appeals to hear the error proceedings by reason of the mistake in the caption of the petition in error naming Joe Piascik as defendant in error instead of Michael Piascik.
 

 The facts set forth in the foregoing statement make this question almost identical with that decided In the case of
 
 Vance
 
 v.
 
 Davis, Agent,
 
 107 Ohio St., 577, 140 N. E., 588, the syllabus of which is as follows:
 

 “1. The parties to a cause are not determined solely by the caption in that cause, but from the entire record in the cause.
 

 “2. Where a suit is brought in the court of common pleas by an injured party against the Direc
 
 *573
 
 tor General of Railroads, trial had upon the issues joined, in which trial a directed verdict is ordered by the presiding judge in favor of the defendant below, motion for new trial overruled, and judgment entered upon the verdict; and, where, subsequently thereto, in due form and time, a bill of exceptions is prepared, submitted to one of counsel of record for such Director General of Railroads, and thereafter duly filed in court; and where a petition in error is duly prepared and filed, accompanied by ‘waiver of issuing and service of process and entry of appearance,’ duly signed by such attorney of record, the Court of Appeals,' under and by virtue of Section 12260, General Code, has jurisdiction over the defendant below for the purpose of reviewing the judgment entered in the court of common pleas.”
 

 That case was not unanimously concurred in by this court, but it involved only a question of procedure and should be accepted as the rule in future cases in the interest of settled practice and uniformity. That question must therefore be resolved in favor of the defendant in error.
 

 The second question relates to the power and authority of the Court of Appeals in an error proceeding to reverse a judgment rendered in the court of common pleas in a case appealed from the Industrial Commission, on the ground that it is against the weight of the evidence.
 

 The sole authority for an appeal from the Industrial Commission is found in Section 1165-90, General Code (109 O. L., 296), the pertinent portions of which read as follows:
 

 “In ease the final action of such Commission
 
 *574
 
 denies the right of the claimant to participate * * * the claimant, within thirty (30) days after the notice of the final action of such Commission, may by filing his appeal in the common pleas court of the county * * * be entitled to a trial in the ordinary .way, and be entitled to a jury if he demands it. * * * Within thirty days after filing his appeal, the appellant shall file a petition in the ordinary form against such Commission as defendant, and further pleadings shall be had in said cause, according to the rules of civil pro^ cedure * * * and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant * * * and any final judgment so obtained shall be paid by the Industrial Commission of Ohio * * *. The cost of any legal proceedings, authorized by this section, including an attorney’s fee to the claimant’s attorney to be fixed by the trial judge, shall be taxed against the unsuccessful party * * *. Either party in any of such proceedings shall have the right to prosecute error as in the ordinary civil cases.”
 

 Other portions of that section not included in the foregoing quotation provide that in cases where employers do not contribute to the fund, but elect to pay compensation direct to injured employes, in the event compensation is denied, claimants shall have the right to appeal as in other cases, except that the employer shall be the defendant in such proceedings. It is further provided:
 

 “If a verdict is rendered in favor of the claimant or claimants, compensation shall be fixed within the limits under the rules prescribed in this act;
 
 *575
 
 and any final judgment so obtained shall be paid by the employer.”
 

 The word “appeal” is employed, but we are not able to see that any special significance attaches to the use of that word, unless it be by analogy to the use of the word “appeal” in carrying cases from a justice of the peace to the court of common pleas whereby parties have a right to a trial
 
 de novo.
 
 The proceeding in the court of common pleas, under Section 1465-90, is in all respects like any other begun and prosecuted to final judgment in that court, and by the terms of the section must begin by the filing of a petition in the ordinary form, and proceed by the filing of further pleadings according to the rules of civil procedure, and if a jury is demanded the jury must be instructed by the court and the rights of the claimant determined. The section also refers to the determination as a “judgment.” It is not anywhere referred to in the section as an award. In the case of employers electing to pay compensation direct, it is provided that the final judgment shall be paid by the employer. It is impossible under all these circumstances to discern any difference between a cause so filed in the court of common pleas and any other cause filed in that court, for example, one based upon a claim of damages for negligence or breach of contract. There is no difference in the procedure, and the only difference appears in the character of the verdict and judgment and the provisions that the compensation shall be calculated according to certain rules and schedules rather than to leave the jury untrammeled in computing the damages.
 

 
 *576
 
 When a judgment is entered upon the verdict it becomes the judgment of the court, in all respects like any other judgment, and if it is rendered against the employer it must be paid by the employer, like any other judgment, and therefore within the meaning and purview of the term “judgment” as employed in Section 6, Art. IV, of the Constitution. That section of the Constitution defines the jurisdiction of the Court of Appeals, and it is not in the power of the Legislature to add to or subtract from the jurisdiction therein defined. If the judgment is like any other judgment, then the verdict must be like any other verdict, and a motion for new trial is permissible, and, upon entry of the judgment, error may be prosecuted to the Court of Appeals upon all the grounds of new trial under the Code of Civil Procedure.
 

 Included among those grounds we find that the weight of the evidence may be reviewed. The weight of the evidence is particularly and specially recognized as one of the grounds for review in Section 6, Article IV of the Constitution, in the following language-:
 

 “No judgment of a court of common pleas, a superior court or other court of record shall be reversed except by the concurrence of all the judges of the Court of Appeals on the weight of evidence, and by a majority of such Court of Appeals upon other questions.”
 

 It seems clear, therefore, that this ground has as good a right to the consideration of the Court of Appeals as any other, if not better. .
 

 It is apparently the contention of counsel for
 
 *577
 
 plaintiff in error that the peculiar character of Section 1465-90 makes the judgment of the court of common pleas a finality. Counsel have apparently lost sight of the final words of that section, as follows:
 

 “Either party * * * shall have the right to prosecute error as in the ordinary civil oases.”
 

 Those words have been a part of the section ever since the original enactment of that section February 26, 1913, and have been carried through all subsequent amendments thereof. If any former decision of this court may be construed as throwing any doubt upon the right to prosecute error from the court of common pleas to the Court of Appeals, we do not at this time approve of such construction. On the other hand, scores of important eases have been heard and decided and reported by this court which have been prosecuted on error to the Court of Appeals from a judgment against the Industrial Commission in the court of common pleas, and many additional scores of cases have been heard and decided in the Court of Appeals which have never reached this court.
 

 The judgment of the Court of Appeals reversing the court of common pleas on the weight of the. evidence having been concurred in by all three judges, and no further error appearing in the record, the judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Wanamaker, Robinson, Jones, Matthias, Day and Allen, JJ., concur.