HORNER, Admrx v ZIMMERMAN et

Ohio Appeals, 6th Dist, Sandusky Co

No 258. Decided Dec 12, 1932

Charles L. Foster, Bradner, for plaintiff.
O. Raudabaugh, Lima, Bowman & James, Bowling Green, W. J. Mead, Fremont, Sheffler & Hyzer, Fremont, and Culbert & Culbert, Fremont, for defendants.

WILLIAMS, J.

In this inquiry we are concerned only with the 140 acre tract and it is conceded by counsel the part of the $4,900.00 "reserve fund" in this tract would amount to $3,200.00.

On the same day that this contract was executed and delivered, conveyance by quit claim deed of the 140-acre tract was made to George S. Zimmerman by the widow and his five sisters, their husbands joining in the deed. This deed contains no reference whatever to the contract. The deed was filed for record February 4, 1914 with the Recorder of the County, and the contract was filed for record January 21, 1914, and was recorded in the Record of Deeds. February 2, 1914 George S. Zimmerman and wife conveyed 65 acres out of the 140-acre tract to John Immel, by warranty deed. This deed was duly filed with the Recorder for record on February 4, 1914. This deed made specific reference to the written contract and to the reserve fund and also to the fact that the contract is recorded in the Recorder's office in Sandusky County. On February 2, 1914 Sarah Jane Zimmerman executed another quitclaim deed to George S. Zimmerman covering the 140-acre tract. In this deed is a recital that its pur-

pose was to release a one-fifth dower interest in the property described in order that the grantee named therein might borrow a stated sum of money from The Sun Savings Bank Company, and the deed recites that it is given "with the further understanding only so far as George S. Zimmerman is concerned, as soon as said mortgage and note is paid off, then in that case my (Sarah Jane Zimmerman's) one-fifth dower interest will again revert back to me (Sarah Jane Zimmerman) and the contract made on the 15th day of January, A. D. 1914 will remain intact according to all the conditions named therein." This quitclaim deed was filed for record on February 4, 1914. The mortgage was made to The Sun Savings Bank, but has been fully paid and satisfied.

The defendant John Immel testified that under his contract of purchase from George S. Zimmerman he assumed as his part of the reserve fund the payment of $800.00, which was agreed to be the portion left in the land conveyed to him.

On August 28, 1922, George S. Zimmerman and his wife, Edna Zimmerman, and the widow, Sarah Jane Zimmerman, executed and delivered a mortgage for $5,-500.00 to The Union Central Life Insurance Company. This mortgage was filed for record August 30, 1922. May 23, 1924 George S. Zimmerman and wife, Edna Zimmerman, executed a mortgage of $1346.89 to The Mechanics Banking Company of Bradner, Ohio. The mortgage was filed for record May 24, 1924. These two mortgages cover the portion of the 140-acre tract retained by George S. Zimmerman when he deeded the 65-acre tract to Immel. This part which remained in the name of George S. Zimmerman will be referred to, for convenience, as the 75-acre tract.

The widow, Sarah Jane Zimmerman, died on or about February 11, 1931. Minerva Horner is deceased and Nellie Horner, administratrix of her estate, brings this action as plaintiff. She seeks to have the reserve fund distributed to her in a representative capacity and to the other children of George Zimmerman entitled thereto, and to have their rights therein held to be prior to the two mortgages.

It is insisted on behalf of plaintiff and the others claiming the right to this reserve fund that under the facts as given the mortgagees, The Union Central Life Insurance Company and The Mechanics Banking Company of Bradner, Ohio, had constructive notice of the existence of the contract which had been placed on record

and that therefore the lien of the reserve fund upon the 75-acre tract is prior to that of the two mortgages.

There is no evidence in the record tending to show that either of the mortgagees had actual notice of the existence of the contract, or of the claims of the children or widow of George Zimmerman to a lien on the mortgaged premises by virtue of said contract. It remains to be determined whether the mortgagees had constructive notice.

It is contended that the deed of George S. Zimmerman to John Immel contained recitals which constituted constructive notice. The difficulty of applying this principle to the solution of the problem at hand is that the property described in that deed is not covered by the mortgages in question. A recorded deed is only constructive notice to those claiming an interest in the land described in such deed. This particular deed, therefore, passes out of consideration in the determination of the question of notice.

It is also contended that the deed of Sarah Jane Zimmerman to George S. Zimmerman, executed and delivered on February 16, 1914, contained a recital which constituted constructive notice to the mortgagees. This recital is quoted above, and it will be observed that it makes no reference to the fact that the six children of George Zimmerman claimed any interest or right in the property, but only that Sarah Jane Zimmerman claimed such interest or right, and it will be observed that she joined in the mortgage to The Union Central Life Insurance Company. But it did give notice that there was a contract made on January 15, 1914. The inquiry naturally arises whether the mortgagees were put upon inquiry to determine the provisions of such a contract. In the case of **Sealing v Lawrence, 27 Oh St, 441, at page 450,** the court say:

"Under our registration laws, it is well settled that a party can only be charged with constructive notice when the record would give him actual notice."

In the case of **Arnoff v Williams, 94 Oh St, 145,** the following language appears at page 149:

"This reference to the agreement was sufficient to put the grantees upon inquiry, and they were chargeable with knowledge of the provisions which the agreements contained. It had the same effect as if the

agreements were set out in full in the deeds."

An examination of the opinion in the latter case discloses, however, that the reference to the agreements was contained in a recorded deed which set out that they were entered into by the grantor and other land owners and gave the volume and page of the record in the office of the County Recorder where the agreements could be found. The deed under discussion, however, made no reference to the fact that the contract was recorded and did not state that any person other than Sarah Jane Zimmerman had an interest in the so-called reserve fund. Under the circumstances we hesitate to hold that this deed constituted constructive notice of the fact that persons other than Sarah Jane Zimmerman were claiming an interest in the land.

It is further claimed that the recording of the contract in the record of deeds constituted constructive notice. This court held in the case of **Kessler v Bowers, 23 Oh Ap, 194,** that an executory contract for the sale of land is not entitled to record and the recording thereof is not constructive notice of its existence and terms. The contract was not a lease at all; nor was it an executory contract for the sale of land. An instrument to be entitled to record, moreover, must come within the statutory provisions provided for recording instruments. §8543, GC, provides as follows:

"All other deeds and instruments of writing for the conveyance or encumbrance of lands, tenements or hereditaments, executed agreeably to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the premises are situated * * *."

The contract was witnessed by two witnesses and properly acknowledged. In our judgment it was an instrument of writing for the conveyance or encumbrance of lands, within the meaning of the section quoted. It created an interest in the land in that it gave a one-fifth part in the crops and the right to enjoy or share in the reserve fund. It is true that the language with reference to the reserve fund is peculiar, and so far as we know the law books afford no precedents with reference thereto. On the one hand it was unlike a deed in that it did not convey a life estate or an estate of inheritance in any described parcel of land, but it may, no doubt, be logically said that it conveyed an undivided interest therein to the extent of the reserve fund. On the other hand, it was unlike a mortgage in that it was not conditionally sold, conveyed or encumbered, because there was no provision therein which corresponds to a defeasance clause. §2757, GC, requires the recorder to keep four separate sets of records,—one for deeds, powers of attorney and other instruments for the absolute and unconditional sale and conveyance of lands; one for the recording of mortgages and other instruments in writing by which lands are conditionally sold, mortgaged or encumbered; one for the recording of plats and one for the recording of leases and powers of attorney for the execution of leases.

In our judgment the contract was entitled to record under the provisions of §8543 GC, and was properly recorded in the Record of Deeds. At least, when this contract was left with the Recorder, everything had been done to protect the rights of those claiming under it.

Some claims were made to a right for an accounting as between the parties. In view of the statements of counsel made upon hearing and the state of the record, it is our judgment that none of the parties is entitled to an accounting against any of the others, save that each of the defendants entitled to the reserve fund has a right to an undivided one-sixth thereof subject to the mortgage liens as above stated. We are of the opinion that George S. Zimmerman's claim for board of his mother is fully offset by her right to one-fifth of the crops which he produced upon the 75-acre tract.

The only children of George Zimmerman, deceased, who are claiming a share in the reserve fund as parties in this case are the plaintiff, Minnie L. Keller and Mae Fritz.

Judgment and decree will be entered giving to the plaintiff and the defendants Minnie L. Keller and Mae Fritz the first and best lien for their respective shares in the so-called reserve fund, to The Union Central Life Insurance Company the second lien on the premises described in its mortgage, and to The Mechanics Banking Company a third lien on the mortgaged premises.

Decree accordingly.

LLOYD and RICHARDS, JJ, concur.