McNEIL, Plaintiff-Appellee, v McNEIL, et, Defendants-Appellants.

Ohio Appeals, Second District, Clark County.

No. 466. Decided December 23, 1947.

488

Messrs. Keifer & Keifer, Springfield, for plaintiff-appellee.
George C. Collins, Springfield, A. C. Link, Springfield, for defendants-appellants.

## OPINION

By MILLER, J.:

This is a law appeal from the Court of Common Pleas of Clark County, Ohio. The action was one to contest the validity of a paper writing dated May 17, 1939, purported to

be the last will and testament of William McNeil, deceased. The only issue for the consideration of the jury was that of undue influence. A verdict was returned in favor of the contestants.

The first error assigned is that the Court erred in the admission of testimony. On that question the record discloses that the wife of the testator died intestate in 1928 owning certain interests in real property. Shortly thereafter, at the request of the father and without any consideration, all of the children executed and delivered deeds conveying all the right, title and interest in the real property to him.

Evidence was offered on behalf of the contestants tending to prove that the children were induced to execute the said deeds by statements of the father to the effect that at his death he would leave the property to them, share and share alike. A general objection was made to this testimony and to the introduction of the deeds in evidence. The objections were overruled, which is the basis of this assignment of error.

This property was retained by the testator up to the time of his death and was disposed of by the terms of the purported will which was duly admitted to probate. Counsel for appellants are contending that the admission of this testimony was highly prejudicial, too remote and irrelevant since the alleged agreement was entered into almost eleven years before the execution of the will. We think the evidence was properly admitted, for in a will contest it is proper to inquire into the

"testator's relations to the parties interested, his affections toward them, their claim upon his bounty, the character and extent of his property, the disposition made of it by his will or codicil, and whether such disposition was a reasonable and natural one, as bearing upon the question whether at the time of the execution of the will or codicil in question the testator * * * was not under an restraint." **Collins v Collins, 110 Oh St 106.**

The rule is well stated in **Board v Phillips, 103 Oh St 626:**

"It has been well said that in the nature of the case issues relating to undue influence are generally determined upon circumstantial evidence and inferences drawn from a full presentation of facts which may be inconclusive when taken separately, and a wide range of inquiry is, therefore, permitted to bring before the jury facts and influences bearing on the preparation of the will."

See also **Koch v Meyers, 7 Oh Ap, 306; Fox v Lynch, 43 Oh. Ap 305; Collins v Collins, 110 Oh St 105; 41 O. Jur. Section 346, page 489.**

In **Van Demark, et al v Tompkins, 121 Oh St p 129,** it is said:

"In our opinion, the great weight of authority confirms the rule, announced by the circuit judge in his instructions to the jury, that such previous declarations are always admissible for the purpose of illustrating the mental capacity of the testator and his susceptibility to extraneous influence, and also to show his feelings, intentions, and relations to his kindred and friends; but such declarations are not admissible as substantive evidence of undue influence."

In accordance with the limitations indicated above, at the time of the offering of this evidence the Court cautioned the jury that it was not offered as evidence of undue influence. The Court said:

"Ladies and Gentlemen of the Jury: Certain statements, conversations and declarations claimed to have been made by William McNeil, the deceased, relative to the disposition to be made of his property and the division thereof among his children have been testified to by some of the witnesses. Such statements, conversations and declarations, if you find such were made by him, have been admitted solely for the purpose of throwing light upon his state of mind and must not be considered by you as any substantive or direct evidence that undue influence was used to induce him to make the alleged will in question, except in so far as they may evidence a condition of mind easily subjected to such influence at the time the alleged will was executed."

Again, in the general charge the Court instructed the jury to the same effect.

In the case of **Sullivan v Cassidy, 118 Oh St 508,** mental incapacity and undue influence were relied upon as grounds for setting aside the will. Six prior wills of the testator were admitted in evidence, the first of which had been executed fourteen years earlier. Concerning these wills the Court charged that,

"These have been admitted in evidence as bearing upon the state of mind of the testator at the time of executing his last will and testament, and should be considered by you for no other purpose."

This charge was approved by the Supreme Court.

It is further contended by the appellant that the Court erred in the admission of testimony to the effect that some of the testator's children were denied access to the testator's home after the will was executed. There was a conflict in the testimony as to the denial of some of the children of the privilege of seeing their father before the execution of the will. We think this was admissible as it might be of some assistance to the jury in determining the ultimate fact on this issue of undue influence.

The next error assigned is that the Court erred in overruling the various motions for a directed verdict and also for a motion for a new trial. These questions involve the sufficiency of the evidence and will be considered together. Since the record consists of nearly 500 pages a discussion of all the evidence and its probative value is not possible within the reasonable limits of an opinion. We will, therefore, undertake to state only some of the salient points.

The record discloses that for approximately ten years before the execution of the will Albert A. McNeil and his wife, Gladys, resided with the testator in the family homestead. They are the ones specifically charged with exerting undue influence upon the testator.

The trial court found, and we think properly so, that nowhere in the record is there a scintilla of direct evidence tending to prove undue influence. As is true in most cases of this type, all of the evidence tending to establish this fact was circumstantial.

The evidence discloses that at the request of the testator Gladys McNeil made an appointment with the attorney who drew the will, to see the testator on the following day. Neither Gladys nor her husband was acquainted with this attorney, but the testator had known him for several years and it was for this reason that he sought his services. The first conference with the testator lasted for approximately an hour and the following day the attorney returned with the prepared instrument which was examined by the testator in the presence of his two physicians. No one else was in the room. After reading it over he ordered several changes made. He then signed it and the two physicians signed as witnesses. Gladys McNeil was somewhere in the home at the time, but she was not in the room. She did enter it on one occasion having been requested to bring in a magazine upon which the signatures could be made. Her husband, Albert, was at work and likewise was not present at this time. Although the testator had been ill for approximately five months prior to the execution of the instrument, his mind and memory had in no way

been affected. All of the witnesses who were asked to describe his mental characteristics, including the plaintiff, testified that he was a man who had a mind of his own; that he trusted and relied upon his judgment in all matters concerning which he was called upon to make decisions and that no one could induce him to change or alter a decision once made.

There is evidence in the record that some of the children were denied the privilege of seeing their father before his last illness, that he desired to see them for he frequently called at their places of employment for short visits, that he was a railroad watchman wearing workmen's clothes on the job, and that he wore these soiled work clothes on his visits so that Gladys and Albert would not know of them; that five days prior to his death his physician ordered that none of his children be permitted to see him except those in the home. This order was issued on the request of the testator for the reason that he desired rest and quiet and no family trouble which generally resulted. These orders were carried out by Gladys and Albert. One witness testified that the testator said when he recovered he was getting out of this mess and going to California. We think that under this state of facts a jury question was presented. **Board of Education v Phillips, 103 Oh St 622; Van Demark v Tompkins, 121 Oh St 129.** But. in view of the presumption of the validity of the will as it was duly probated, is the verdict in accord with the manifest weight of the evidence? We do not think so. The trial judge was evidently of the same opinion, for he stated "This verdict does not correspond with our views of the evidence".

In order to justify the setting aside of a will on the ground of undue influence where testator's testamentary capacity is admitted the burden of proof is case upon the contestants of the will and before the jury would be justified in setting aside the will, the evidence adduced against the will must outweigh both the evidence adduced in favor of the will and the presumption arising from the order of the Probate Court admitting the will to probate as the valid last will and testament of the testator. In our opinion, the evidence against the will did not meet these requirements and the verdict should be vacated.

We find no error in the general or special charges given to the jury.

The judgment is ordered reversed as being against the manifest weight of the evidence and the cause is ordered remanded for a new trial.

WISEMAN, PJ, and HORNBECK, J, concur.