**DONOVAN et, Plaintiffs-Appellees, v. DECKER, Exr., etc., Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4536. Decided March 1, 1951.

George T. Tarbutton, Columbus, for appellees.

Addison & Addison, Richard C. Addison, of Counsel, Columbus, Robert W. Newlon, Lloyd E. Bilger, Columbus, for appellants.

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County rendered on the verdict of the jury setting aside the will of Dana McBride, deceased. The case was tried on the theory of undue influence and the Court so charged the jury.

Four errors are assigned:

Overruling defendants' motion for directed verdict at the close of all the evidence; the verdict was contrary to the evidence and against the manifest weight of the evidence; error in the admission of evidence offered by the plaintiffs; and that the verdict was contrary to law.

We find that there was sufficient evidence admitted to require the presentation of this case to the jury under the

rule of **Hamden Lodge v. Ohio Fuel Gas Company, 127 Oh St 469,** 189 N. E. 246; and **McNeil v. McNeil, 50 Abs 487,** 76 N. E. (2d) 621. We cannot find that the verdict and judgment are contrary to the evidence, against the manifest weight of the evidence or contrary to law.

The plaintiffs while presenting their case called two of the defendants who were beneficiaries under the will and also next of kin of the deceased, for cross-examination. In the course of such examination counsel for plaintiffs proceeded to lead the witnesses. This was permitted under §11497 GC. The two witnesses were adversary under the rule laid down in **Vance v. Davis, 107 Oh St 577,** 140 N. E. 588. The adversary position of the witnesses was not affected by the fact that counsel for the plaintiffs had issued subpoenas for these two witnesses; nor the fact that defense in the case was made only by the executor and one of the other beneficiaries. **Lumber Co. v. Martin, 10 Oh Ap 188, 194.**

The examination of the attorney who drew the will did not transgress the rule laid down in **Knepper, et al. v. Knepper, 103 Oh St 529,** 134 N. E. 476.

Finding no error in the record prejudicial to the rights of the appellants the judgment is affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

### ON MOTION FOR REHEARING

No. 4536. Decided March 30, 1951.

By THE COURT.

Submitted on motion of the appellants for rehearing on the ground that since the Court has announced its opinion certain information has come to the knowledge of the appellants that the plaintiffs are not the real parties in interest.

This is an appeal on questions of law. We know of no way whereby this Court can take testimony on the issue raised by the appellants. This appeal must be disposed of on the record of the trial court. The appellants will be required to pursue whatever remedy may be afforded in the trial court.

Motion overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.