Plaintiffs-appellants Great Lakes Construction Company and Liberty Mutual Insurance Co ("appellants") appeal from the decision of the trial court by which the court denied their motion advanced pursuant to Civ.R. 25 (A) to substitute proper party after the death of the defendant Julius Paris and dismissed their action. We find merit to this appeal and reverse.
Once again the within matter has reached this court for our review. Although eight years ago Great Lakes and Liberty Mutual Insurance filed a proper complaint asserting claims of negligence and nuisance against the upstream riparian landowner for their loss sustained as a. result of flooding, the trial court has, for the second time, dismissed these claims and prevented appellants from litigating this case on its merits.
The facts giving rise to this appeal are as follows. On September 22, 1989, in Independence, Ohio, West Creek overflowed its banks and flooded the property of Great Lakes causing $675,000 damage. Liberty Mutual, Great Lakes' insurer, compensated Great Lakes and became subrogated to Great Lakes' claim. After investigating the circumstances of the flooding incident, Liberty Mutual and Great Lakes commenced an action on June 21, 1991 in Cuyahoga County Common Pleas Court, Case No. 213148, against Julius Paris, as the upstream riparian landowner of Valley Business Park Phase II, claiming that Paris caused improvements to be made to the property and negligently permitted tree stumps and other debris to accumulate which subsequently blocked the Lancaster Road culvert proximately causing the flooding. Further, plaintiffs alleged that by these actions Paris had created a public nuisance. On January 21, 1992, Paris, as a third-party plaintiff, filed a third-party complaint and impleaded the Village of Brooklyn Heights, R W Construction and Excavating Inc. and Marra Constructors, Inc. seeking both indemnification and contribution. The third-party defendants answered and the Village of Brooklyn Heights entered a cross-claim against both Marra and R W. In March 1993, Paris moved for summary judgment on plaintiffs' claims against him and each third-party defendant moved for summary judgment on Paris' claims against them. After briefing of the motions and oral argument, on December 7, 1993, the trial court granted all defendant and third-party defendant motions for judgment. Liberty Mutual and Great Lakes appealed all the judgments and Paris crossappealed the judgments entered in favor of the third-party defendants. On appeal[1], this court found a genuine issue of material fact existed: whether Paris retained possession and/or control over Valley Business Park Phase II to such a degree to warrant the imposition of liability upon Paris for the defective condition which was created by third parties and reversed the decision of the trial court which granted Paris' motion for summary judgment.
Further, this court found that although summary judgment was proper on Paris' claims for indemnification, because such claims did not arise between Paris and the third-party defendants due to the absence of a "special relationship between them," the third-party defendants were not entitled to summary judgment on Paris' claim of contribution because the parties were potentially joint tortfeasors. However, third-party defendant Marra Constructors demonstrated it was entitled to judgment as a matter of law because it was not a proper party and Brooklyn Heights demonstrated that it was entitled to judgment as a matter of law because a waiver provision in the contract precluded Paris from maintaining a contribution action against it.
Thus, in the first appeal, this court found that Great Lakes and Liberty Mutual were entitled to maintain their action against Paris for both negligence and nuisance; Paris, as third-party plaintiff, was precluded from maintaining his claims for indemnification against all the third-party defendants as a matter of law; Paris as third-party plaintiff was unable to maintain his claim for contribution against Marra Contractors and Brooklyn Heights. On December 22, 1994, this court remanded this matter to the trial court for resolution of the issues with respect to plaintiffs-appellants' claims against Paris and Paris' claim for contribution against third-party defendant, R W.
On September 21, 1993 during the pendency of the appeal of Case No. 213148, Great Lakes and Liberty, brought direct claims against the Village of Brooklyn Heights and R W Contracting and Excavating Inc. in a separate two-count complaint commenced in Cuyahoga County Common Pleas Court as Case No. 258468. This complaint asserted that Brooklyn Heights had accepted the petition brought by Paris, owner of Valley Business Park, and undertook the requested improvements which included massive regrading of the site with the removal of trees and re-channeling of West Creek. Further, the complaint asserted that this work was performed by R W. Thus, the complaint alleged that these defendants were both negligent and created a nuisance. The Village of Brooklyn Heights and R W each answered the complaint and entered a cross-claim for indemnification and contribution. On November 2, 1994 the Village of Brooklyn Heights was dismissed without prejudice by Great Lakes and Liberty Mutual. On October 16, 1995 the trial court granted a motion to consolidate these separate cases.
On December 12, 1995 Paris' counsel filed and served a Notice of Suggestion of Paris' death pursuant to the requirement of Civ. R. 25 (E). On March 11, 1996, Great Lakes and Liberty Mutual filed a Motion for Substitution pursuant to Civ.R. 25 (A) by which they requested the court to substitute the proper party for the deceased-defendant Paris. In this motion, they requested the court to consider as substitute defendants for the deceased Paris: the successor/co-trustee for Paris (John Does I, II, III) ; the beneficial or equitable owners of Valley Business Park II (Sunrise Development Company and P 0 Development Company); and, the administrator/ executor of Paris' estate to the extent that Paris' interest may revert to the estate. On March 25, 1996, counsel for decedent Paris filed both a brief in opposition to the motion for substitution and a motion to dismiss the complaint. After allowing supplemental briefing on the issues, on August 2, 1996, the trial court entered an interlocutory order substituting Zachary T. Paris executor/administrator of the estate of Paris for the decedent. On December 31, 1996, after additional briefing, the trial court granted decedent Paris' motion to dismiss appellants' claims against him. The claims as asserted by Great Lakes and Liberty Mutual against the Village of Brooklyn Heights and R W in consolidated Case No. 258468 remained unresolved before the court.
On February 2, 1998, the trial court, without giving its reasoning, entered judgment wherein it denied appellants' motion for substitution of a proper party and granted the motion to dismiss appellants' complaint, further certifying pursuant to Civ.R. 54 (B) that there was "no just reason for delay." Appellants Great Lakes and Liberty Mutual challenge this judgment of the trial court and advance a single assignment of error for our review in this consolidated appeal.
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING PLAINTIFFS' COMPLAINT WITH PREJUDICE AFTER DEFENDANT'S DEATH WAS SUGGESTED ON THE RECORD AND PLAINTIFF FILED A TIMELY MOTION TO SUBSTITUTE PROPER PARTIES.
Initially, counsel for Paris argues that this appeal is not timely filed and, therefore, must be dismissed. Counsel contends that appellants were required by App.R. 4 to file their appeal within thirty days of the trial court's grant of Paris' motion to dismiss entered December 31, 1996, rather than from the February 2, 1997 entry which certified the dismissal pursuant to Civ.R. 54 (B). Counsel asserts that the December 31, 1996 dismissal resolved all claims in the underlying action brought in Case No. 213148 and, as such, was final and appealable on that date. We do not agree.
The question before us is whether an order which disposes of all the claims brought in a separately filed action is final and appealable without a Civ.R. 54 (B) certification in a consolidated case where the entire consolidated case remains unresolved.
In 1991, this court in Bender v. Diemert(March 21, 1991), Cuyahoga App. Nos. 58304 and 58368, unreported, determined that "Civil R. 42 permits the consolidation of actions involving common questions of law or fact based upon considerations of judicial economy. Once consolidated, all of the claims and all of the parties in each case must be disposed of before a judgment is final, absent a finding of "no just reason for delay" pursuant to Civ.R. 54 (B). [citations omitted] Like the policy reasons behind Civ.R. 42, Civ.R. 54 (B) promotes judicial efficiency by proscribing piecemeal appeals. Chef Italiano Corp. v. Kent StateUniv.(1989), 44 Ohio St.3d 86. The rule also insures that parties know when an order is final for purposes of appellate review. Pokorny v. Development Co.(1977), 52 Ohio St.2d 183."Id.
In 1994, our Supreme Court in Mezerkor v. Mezerkor(1994),70 Ohio St.3d 304, 308, determined that where summary judgments were entered in favor of the insurers in consolidated actions but did not address all parties and claims, then, in the absence of certification by the trial judge that there was no just reason for delay, the orders were not immediately appealable. Then, in 1996, in Whitaker v. Kear(1996), 113 Ohio App.3d 611, following the reasoning of Mezerkor, supra, the court held that consolidated cases are not individually appealable absent Civ.R. 54 (B) certification, finding that this approach avoids piecemeal appeals, is administratively efficient, creates clarity for litigants regarding when to appeal, and treats a consolidated multi-claim case similar to other multi-claim cases. Id., 616. Thus, in concurrence with the reasoning as put forth in Bender,Mezerkor and Whitaker, supra, we find that the December 31, 1996 dismissal of the action was not an appealable judgment absent a Civ.R. 54 (B) certification. Accordingly, we find the within appeal made within thirty days of the trial court's Civ.R. 54 (B) certification of its decision to grant Paris' motion to dismiss to be timely filed.
In their sole assignment of error, appellants complain that the trial court erred in dismissing their complaint after the death of the defendant was suggested on the record and a timely motion to substitute the proper parties had been filed pursuant to the requirement of Civ.R. 25 (A)(1). We agree.
Civ.R. 25 provides for the substitution of parties and states in pertinent part:
(A) Death.
 (1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.
Civ.R. 25 by its terms operates where a claim is not extinguished by the death of a party. Appellants' complaint sounded in tort and alleged claims for negligence and nuisance against Julius Paris. It is undisputed that this action did not abate with the death of a party and thus survives the death of Julius Paris pursuant to R.C. 2305.21. The remedy for a claim that is not extinguished by death is the substitution of a proper party, not the dismissal of the action. See Degarza v. Chetister
(1978), 62 Ohio App.2d 149, 155. Accordingly, Civ.R. 25 (A)(1) applies to the within action.
Civ.R. 25 contemplates a smooth transition for substitution of a party after the death of the party where the action survives. Generally, counsel for the deceased party is in the best position to know of the death of his client and to identify the proper party to be substituted for the deceased party. The Staff notes to Civ.R. 25 instruct that "[p]rocedurally, upon an action which does survive the death of a party, Rule 25 operates as follows. Under Rule 25 (E) the attorney representing the deceased party should suggest upon the record the fact of death within fourteen days after the attorney learns of the death. Within ninety daysafter the death is suggested upon the record, the attorney,following the procedure set forth in Rule 25 (A)(1), shouldserve the motion to substitute the proper party. Should the attorney for the deceased party fail to carry out the foregoing procedure, the opposite party, i.e. "any party' as provided by Rule 25 (A)(1), may suggest the fact of death and serve a motion for substitution of parties upon the deceased party's proper representatives." (Emphasis added). Nonetheless, although the attorney for the deceased party is in a better position to know who might be substituted and, for that reason, should, as a courtesy, file the motion to substitute, the ultimate burden with complying with Civ.R. 25 (A) rests with the one bringing the action. Barrett v. Franklin(1986), 32 Ohio App.3d 51.
The record demonstrates the following undisputed facts: as co-trustee of the October 18, 1977 Trust Agreement and the Quit Claim Deed, Julius Paris owned title to Valley Business Park on September 22, 1989; upon the death of Paris, on December 12, 1995, counsel for Julius Paris filed a notice of suggestion of his death on the record; within ninety days of the suggestion of death on the record, counsel for the deceased party failed to identify a proper party to substitute for the deceased defendant and failed to file a motion requesting substitution of the proper party; appellants filed the required motion to substitute the proper party for the deceased defendant Paris; appellants' motion was properly served on all parties and non-parties.
Appellants, although unable to specifically identify the successor owner of the Valley Business Park Phase II because the identity of the successor owner remained unidentified to them, requested the court to substitute all potential successors: 1) Zachary T. Paris as the executor/administrator of the estate of defendant/decedent Julius Paris; 2) the grantors of the trust, Sunrise Development Company and P 0 Development Company, who each owned an equitable interest in Valley Business Park Phase II; and, 3) John Does I through III, the potential unnamed successors to the legal and/or equitable interest in Valley Business Park II. Appellants' motion was supported by affidavit and the documents upon which they relied to identify the potential "proper party" to substitute as successor owner of the property.
Accordingly, although the motion to substitute the proper party was not filed by counsel for the deceased party who may have been in the best position to identify the proper party to be substituted for the deceased party, we find that the Civ.R. 25 (A) motion filed by appellants was properly before the trial court.
Then, the pivotal question for our determination in this appeal is "who is the named defendant for whom substitution is necessary?" Counsel for decedent Julius Paris opposed the motion to substitute in reliance on Perry v. Eagle-Picher Indust.
(1990), 52 Ohio St.3d 168, 173, and argued that Julius Paris, individually, was the only named defendant as such, the only proper party to be substituted is the executor/administrator of Paris' estate.
We note that generally, the attorney-client relationship terminates upon the death of the client. England v. Barstow
(1972). 30 Ohio App.2d 42. "`Death is a tyrant that disregards all the relations between attorney and client; his stroke dissolves them' Cisna's Admr. v. Beach 15 Ohio 300." England, id.
Thus, although counsel for the deceased-defendant Julius Paris had no legally recognized interest in the matter, for reasons which are unclear to this court, counsel has maintained this litigation in the name of decedent Paris by objecting to appellants' motion to substitute a proper party as defendant. Further, in conjunction with this opposition, counsel for the deceased Paris filed a motion requesting the trial court to dismiss appellants' case with prejudice pursuant to Civ.R. 17.
In the motion to dismiss, counsel for the deceased-defendant Paris asserted that as appellants had commenced the action against Julius Paris, individually, they had failed to commence the action in the name of the "real party in interest," therefore no substitution of the real parties in interest should be allowed. Thus, counsel's motion to dismiss the case suggests that appellants: 1) failed to prosecute the action in the name of the real party in interest as required by Civ.R. 17; 2) failed to join an indispensable party pursuant to Civ.R. 19, here, James Ratner as co-trustee. Finally, in the motion to dismiss, counsel accuses appellants of attempting to utilize Civ.R. 25 to amend their complaint to substitute five different and separate entities for the individual defendant, Julius Paris. We find counsels' various assertions to be without merit.
First, Civ.R. 17 requires that every action be prosecuted in the name of the real party in interest. Civ.R. 17 (A) specifically states that "[e]very action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust * * *." The real party in interest with the power to prosecute or defend an action to protect or preserve a trust res is the trustee of an express trust. Schofield v. Cleveland Trust Co.
(1948), 149 Ohio St. 133.
In this case, "Julius Paris" was the named defendant in the action prosecuted by appellants. Counsel for Julius Paris contends that appellants initiated their claims against Paris in his individual capacity. We do not agree.
The record demonstrates that the recorded deed identifies Julius Paris and Paul Lipman as co-trustee owners of the subject property. It is undisputed that Paul Lipman died On December 24, 1985, prior to the flooding on September 22, 1989. The trust agreement provides that in the event either trustee dies * * * then the trust shall thereafter be administered by the other alone No amended deed has been recorded in Cuyahoga County to provide third parties with notice of change in co-trustee. One who records an instrument may not impose on third parties dealing with the property the duty of searching elsewhere for matters pertinent to the recorded instrument. Homer v. Zimmerman(1932), 13 Ohio L.Abs. 537. Thus, after the death of Paul Lipman, co-trustee, and without a record of the ownership interest of co-trustee Ratner, Julius Paris, as co-trustee, remained the only living record owner of the Valley Business Park Phase II property and held bare legal title to the property. As such, Julius Paris was the proper party to be sued.
Counsel for Paris contends that Julius Paris was not named in his capacity of co-trustee and as such the real party in interest was not named. The real party in interest is not determined from the caption but from the body of the complaint. Vance v. Davis
(1923) 107 Ohio St. 577; Shinaberry v. Kirshner(Sept. 22, 1989), Lucas County App. No. L-88-266, unreported.
Our review of the body of the complaint reveals that the complaint clearly and unambiguously states in pertinent part:
 5. At all times pertinent hereto, defendant Julius Paris, as co-trustee, owned legal title to property located near the intersection of Granger Road and Lancaster Road in the Village of Brooklyn Heights, County of Cuyahoga. State Ohio, known as Valley Business Park, Phase II ("Valley Business Park").
 6. Defendant, Julius Paris, took title to Valley Business Park by virtue of instrument No. 207729, recorded in Volume 14657, Page 775 of the Cuyahoga County Record of Deeds on December 29, 1977, and has owned Valley Business Park continuously ever since. (Emphasis added.)
The complaint clearly identifies the only owner of record of the Valley Business Park II property, Julius Paris, co-trustee. Moreover, our review of the record fails to disclose any instance where appellants identified "Julius Paris, individually" in the pleadings. Accordingly, we conclude that appellants named the real party in interest as defendant in their complaint: Julius Paris in his representative capacity as co-trustee owner of the subject property.
Next, counsel for Paris argued that the appellants' case should be dismissed pursuant to Civ.R. 19 for appellants' failure to join an indispensable party, the second co-trustee, James Ratner. However, counsel for Paris has directed us to no case law, nor have we found any which holds that an action must be brought in the name of a non-record co-trustee owner. Further, we fail to find any case law which requires that the action be brought in the name of both co-trustees, each as an indispensable party. An "indispensable party" within the meaning of Civ.R. 12(H) is one whose absence seriously prejudices any party to the action or prevents the court from rendering any effective judgment between the parties, or is one whose interests would be adversely affected or jeopardized by the judgment rendered between the parties to the action. Layne v. Huffman(1974), 43 Ohio App.2d 53. Moreover, dismissal for failure to join an indispensable party is warranted only when the defect cannot be cured. Chambersv. Stevenson(1991), 71 Ohio App.3d 566. Accordingly, dismissal of the within action would not be warranted for appellants' failure to join the non-record co-trustee, James Ratner, where this claimed defect could readily be cured.
Finally, we find no merit to counsels' assertion that appellants use of Civ.R. 25 was to circumvent the Civil Rules in order to amend their complaint.
We find that in consideration of the law and the facts as shown, the trial court erred in dismissing the case for appellants' alleged failure to name the real party in interest or for appellants' failure to join an indispensable party, and conclude that the trial court, rather than dismissing this action was required to grant the Civ.R. 25 motion to substitute the proper party for the deceased trustee land-owner, Julius Paris.
The record reveals that even with a careful reading of the trust agreement, it is unclear as to where the ownership of the subject property will ultimately reside and thus the identity of the "proper party" remains unknown to this court. We find that without further information, appellants' Civ.R. 25 (A) motion sufficiently identified the potential proper parties by suggesting the potential but unnamed successors of the co-trustee, the beneficial owners of the trust res and the executor/administrator of the estate of Paris, to the extent that an ownership interest in the property reverts to the estate.
Civ.R. 25 (A) by its own terms is mandatory and directs that the trial court "* * * shall * * * order substitution of the proper parties." Nonetheless, the trial court, without stating its reason, failed to order a proper party substitute for the deceased-defendant Julius Paris, and instead dismissed this action. Accordingly, we find that the trial court action in failing to order a substitution for the deceased-defendant Paris were in clear violation of the mandate of Civ.R. 25 (A)(1).
We hold that where appellants' action was properly brought against the real party in interest, here, Julius Paris in his capacity as co-trustee owner of the subject property, and where after Paris' death a proper and timely motion to substitute a proper party in his place was made pursuant to Civ.R. 25 (A) which identified appropriate proper parties as potential successors in interest to Paris' ownership interest in the property, then it was reversible error for the trial court to fail to substitute a proper party for the deceased defendant and dismiss the action.
Accordingly, the judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ TIMOTHY E. McMONAGLE PRESIDING JUDGE
 JOHN T. PATTON, J. and MICHAEL J CORRIGAN, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(D) and 26 (A); Loc. App.R. 22(B), 22(D) and 26 (A); Loc. App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] "Liberty Mutual Ins. Co., et al. v. Julius Paris, et al.(Dec. 22, 1994), Cuyahoga App. No. 66719, unreported.