DECISION.
{¶ 1} Plaintiff-appellee Constance Anstaett sued defendant-appellant Kurt Benjamin and obtained a default judgment. Benjamin filed a motion to vacate the judgment, claiming that Anstaett had failed to obtain proper service on him. The trial court overruled Benjamin's motion, and he now appeals. Because service of process was not made in compliance with the Rules of Civil Procedure, we vacate the default judgment and remand the case.
{¶ 2} In July 1995, Benjamin allegedly assaulted Anstaett at a local bar, the Village Tavern, resulting in physical injuries to Anstaett. A few months later, Benjamin moved from Hamilton County to Clermont County. In May 1996, Anstaett sent two letters to Benjamin at the address listed on the police report from the incident, informing Benjamin of Anstaett's claim against him. Neither letter was returned.
{¶ 3} In July 1996, Anstaett filed suit against both Benjamin and the Village Tavern, with service of process being sent to Benjamin at the address on the police report. Several days later, the clerk's office notified Anstaett that service on Benjamin had been returned with the notation "attempted-not known." In November 1996, Anstaett made a second attempt at service, sending notice to an address obtained from a former employer. This was also returned with the notation "attempted-not known." In May 1997, Anstaett requested personal service by the sheriff's office at a third address. That service was unsuccessful.
{¶ 4} In May 1997, Anstaett filed an affidavit for service of process by publication, stating that Benjamin's address was unknown and could not be ascertained with reasonable diligence. The affidavit did not include what efforts Anstaett had made to ascertain Benjamin's current residence.
{¶ 5} In June 1997, Anstaett attempted service at the third address again by certified mail, but the mail came back "unclaimed." Finally, in July 1997, Anstaett attempted service by ordinary mail at the third address, which was returned marked "forwarding order expired." In July, Anstaett filed an affidavit certifying the required six weeks of publication for service.
{¶ 6} Anstaett moved for default judgment against Benjamin. The trial court granted judgment. An arbitration panel ruled in Anstaett's favor and awarded a $36,000 judgment against Benjamin, $16,000 in compensatory damages and $20,000 in punitive damages.
{¶ 7} In June 1998, Anstaett and the Village Tavern reached a settlement. The trial court dismissed the claim against the Village Tavern, with the caption for the entry of dismissal listing both Benjamin and the Village Tavern.
{¶ 8} Benjamin asserts that he first became aware of the claim and the default judgment against him in 2000, when an attorney contacted him in an effort to collect on the judgment. Benjamin soon filed a motion to vacate the judgment, which the magistrate denied. Benjamin objected to the denial, and a hearing was held before a judge in the common pleas court, where Benjamin's objections were again overruled. Benjamin now appeals the trial court's denial of his motion to vacate the default judgment, with two assignments of error presented for review.
{¶ 9} Strict Compliance Necessary for Service by Publication
{¶ 10} In his first assignment of error, Benjamin argues that service of process was never properly accomplished. Benjamin argues on two fronts, asserting that reasonable diligence was not used and that the affidavit for service by publication was not properly executed. Because we hold that the affidavit for service by publication did not comply with Civ.R. 4.4(A), we do not need to reach the issue of whether the efforts made by Anstaett reached the level of reasonable diligence.
{¶ 11} Under Civ.R. 3(A), when a civil lawsuit is filed, service upon the defendant must be obtained within one year from the filing. When the residence of the defendant is unknown, Civ.R. 4.4(A) applies. It states, "Except in [a divorce, annulment, or legal separation action in which the plaintiff is proceeding in forma pauperis], if the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court."
{¶ 12} The affidavit that must be filed with the court is subject to three requirements. The rule states, "The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."
{¶ 13} Prior to 1991, when Civ.R. 4.4(A) was amended, only two of the three requirements were listed in the rule. The previous version stated, "The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained." The Ohio Supreme Court, before 1991, clearly stated that "facts demonstrating the diligence used to ascertain the address of the defendant are not required to be set forth in the affidavit itself."[1] But we note that the rule was amended to specifically require that the affidavit include a listing of all efforts made to locate the defendant. We must assume that when a change is made to a rule, it is done for a reason, and that the change is meant to be followed.
{¶ 14} Furthermore, the language of the rule says "shall." The Ohio Supreme Court has held, "It is axiomatic that when it is used in a statute, the word `shall' denotes that compliance with the commands of that statute is mandatory."[2] Therefore, it is mandatory that an affidavit used to obtain service by publication comply with the rule and satisfy all three requirements, including a recitation of the efforts made by the plaintiff to ascertain the defendant's residence. Noncompliance results in defective service. Where service of process is defective, any judgment rendered on the complaint is a nullity and is void.[3]
{¶ 15} Strict compliance with service-by-publication rules is required. The Ohio Supreme Court, in 1918, stated, "It is true that strict compliance must be had with the provisions of statute authorizing other than personal service, and such must affirmatively appear."[4]
The court repeated this axiom years later, noting that, in general, courts require very strict compliance with statutory requirements for service of process.[5]
{¶ 16} All Ohio appellate districts that have considered the issue have held that strict compliance with Civ.R. 4.4 is required. The Tenth Appellate District has held that "service by publication is, in fact, a last resort device, and therefore should be strictly enforced."[6] The Second Appellate District has held that "publication statutes are in derogation of the common law, and must be strictly construed."[7] The Ninth Appellate District, in two recent cases, has held, "The language of Rule 4.4(A) of the Ohio Rules of Civil Procedure is mandatory and must be strictly complied with, and failure to take a required step results in defective service."[8] The Fifth Appellate District has stated, "Civ.R. 4.4 sets forth three elements an affidavit must contain before service by publication can be made. * * * These requirements are to be strictly construed."[9] Both the Third and the Sixth Appellate Districts have agreed with the Fifth District and required strict compliance with Civ.R. 4.4.[10]
{¶ 17} In addition, in three separate cases with the same facts as the case at bar, the Eighth, Eleventh, and Twelfth Appellate Districts have held that service by publication was defective when the affidavit did not contain the specific efforts made to locate the defendant.[11]
The Twelfth District stated that, prior to 1991, the facts demonstrating the diligence used to ascertain the defendant's address need not have been set forth in the affidavit itself, but that the 1991 amendment added that requirement. The Eighth District stated, "The appellee would have this court hold that this requirement is superfluous, a mere technicality. We cannot agree."[12] The Twelfth District noted that while Ohio courts have not always demanded absolute compliance with all requirements associated with the service of process, "publication statutes, unknown at common law, should be strictly construed."[13]
{¶ 18} It is undisputed that Anstaett's affidavit for service by publication did not include the efforts that had been made to ascertain Benjamin's residence. The affidavit only stated that service upon Benjamin could not be made because his address was unknown and that the address could not be ascertained with reasonable diligence. It did not meet the requirements of Civ.R. 4.4. Therefore, service by publication on Benjamin was defective, and the default judgment entered against Benjamin was void. Accordingly, we sustain Benjamin's first assignment of error.
{¶ 19} An Inaccurate Entry
{¶ 20} In his second assignment of error, Benjamin argues that he should be discharged from the case because his name appeared on the entry of dismissal filed in 1998. Both parties acknowledge that the appearance of Benjamin's name on the entry of dismissal was simply a mistake, and that the dismissal was intended to apply only to the Village Tavern, as a result of the Village Tavern's settlement with Anstaett.
{¶ 21} The Ohio Supreme Court has held that the record of the court's proceedings, rather than the caption, determines who the parties rightfully and legally are.[14] "It would be trifling with law and justice to hold that the title of a cause determined its character or nature, or alone determined who were the parties to the cause."[15]
{¶ 22} The body of the entry of dismissal stated that all matters in controversy had been amicably resolved and referred to the specific settlement of a single defendant, Village Tavern II, Inc. It is clear, despite the caption, that the court did not intend to discharge Benjamin from the suit by its entry of dismissal. The complete record and the intent of the court, not just the caption, determine who were the parties the entry appropriately affected. Accordingly, we overrule Benjamin's second assignment of error.
{¶ 23} Therefore, the judgment of the trial court is reversed, and the cause is remanded for further proceedings in accordance with law.
Judgment reversed and cause remanded.
Gorman and Sundermann, JJ., concur.
[1] See Sizemore v. Smith (1983), 6 Ohio St.3d 330, 332,453 N.E.2d 632.
[2] See Dept. of Liquor Control v. Sons of Italy Lodge,65 Ohio St.3d 532, 534, 1992-Ohio-17, 605 N.E.2d 368.
[3] See Lincoln Tavern, Inc., v. Snader (1956), 165 Ohio St. 61, 64,133 N.E.2d 606.
[4] See Moor v. Parsons (1918), 98 Ohio St. 233, 238, 120 N.E. 305.
[5] See Conner v. Miller (1950), 154 Ohio St. 313, 323,96 N.E.2d 13.
[6] See Northland Dodge, Inc. v. Damachi (1978), 56 Ohio App.2d 262,264, 382 N.E.2d 779.
[7] See Norris v. Wright (July 13, 1979), 2d Dist. No. 6196.
[8] See Granger v. Sammons (Sept. 2, 1998), 9th Dist. No. 18819;Keathley v. Bledsoe (Feb. 7. 2001), 9th Dist. No. 19988.
[9] See Stevenson v. Stevenson (June 26, 2000), 5th Dist. No. 1999CA0036546.
[10] See Meadows v. Meadows (1992), 73 Ohio App.3d 316, 321,596 N.E.2d 1146; Jindal v. Cloutier (Dec. 30, 1993), 6th Dist. No. L-93-135.
[11] See Freed v. Sims (June 9, 1994), 8th Dist. No. 65978; Inre Adoption of Burger (Mar. 31, 2000), 11th Dist. Nos. 98-P-0120 and 98-P-0121; Pridemore v. Dula (Apr. 10, 1995), 12th Dist. Nos. CA94-02-043 and CA94-06-139.
[12] See Freed v. Sims (June 9, 1994), 8th Dist. No. 65978.
[13] See Pridemore v. Dula (Apr. 10, 1995), 12th Dist. Nos. CA94-02-043 and CA94-06-139.
[14] See Vance v. Davis (1923), 107 Ohio St. 577, 580, 140 N.E. 588.
[15] Id.